UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| ISAAC RICHEY,<br><br>                                  Plaintiff,<br><br>               -against-<br><br>ANN MARIE T. SULLIVAN, MD, in her Individual and Official Capacity, NEW YORK STATE OFFICE OF MENTAL HEALTH, NEW YORK STATE OFFICE OF NICS APPEALS AND SAFE ACT, DOES 1-10 in their individual capacities,<br><br>                                Defendants. | | **PROPOSED JOINT CASE MANAGEMENT PLAN**<br><br>Case No. 1:23CV344 (AMN-DJS) |

---

**IT IS HEREBY ORDERED that,** pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable Daniel J. Stewart, United States Magistrate Judge, on July 13, 2023, at 10:00 AM.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) conference, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than seven (7) **days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1)       **JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before: **September 29, 2023.**

**2)** **AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before: **September 29, 2023.**

**3)** **DISCOVERY:** All discovery in this action shall be completed on or before **February 2, 2024**. **(Discovery timetable is to be based on the complexity of the action).**

**4)** **MOTIONS:** All non-dispositive discovery motions shall be filed on or before **February 2, 2024.** All dispositive motions shall be filed on or before **April 2, 2024**. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25).**

**5)** **EXPERT WITNESS DISCLOSURE:** Plaintiff's Expert Witness disclosure shall be exchanged on or before **November 2, 2023** (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before **December 18, 2023** (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before **January 2, 2024** (at least thirty days before the close of discovery).

**6)** **MANDATORY MEDIATION:** Defendants respectfully request that the mediation requirement be waived for this matter. If not waived, Defendants respectfully request that mediation be deferred until after completion of depositions, as it is not anticipated that Defendants will have any authority in this matter at least until completion of significant discovery.

**7)** **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before **90 days from any decision on motions for summary judgement or, if no motions are filed, by April 2, 2024.** It is anticipated that the trial will take approximately **3-4** days to complete. Defendants request that the trial be held in **Albany**, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date unless the case is designated as complex)**.

8)       **HAVE THE PARTIES FILED A JURY DEMAND:** (YES) / ___X___(NO)

9)       **DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

Yes, as to named parties.  Plaintiff has named "John Doe" parties in this action, who are not represented by the undersigned.

10)     **WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

      **Plaintiff:**

Plaintiff alleges that he is improperly listed in the State's mental health database based upon a voluntary admission to Samaritan Hospital in 2019 pursuant to MHL 9.39.  Plaintiff further alleges that he has been unable to possess or purchase firearms because New York State is improperly reporting him to the Federal National Instant Criminal Background Check System ("NICS") database as a "prohibited person" because of his 2019 admission.  Plaintiff raises § 1983 claims under the Second, Fourth (failure to train), and Fourteenth Amendments (due process).

      **Defendants:**

Defendants deny that any of their actions, omissions, or conduct violated any law, and/or any of Plaintiff's constitutional rights.  As set forth in the Answer, Defendants raise various defenses, including lack of personal involvement and qualified immunity.

11)     **WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

    a.     Whether Plaintiff's admission to a psychiatric facility under MHL § 9.39 **constitutes an involuntary commitment under 18 U.S.C. § 922(g)(4) and 27 C.F.R. § 478.11.**

   b. Whether Defendants' denial of Plaintiff's application for a certificate of relief from disabilities and/or maintenance of Plaintiff's personal identifying information in the State mental health database violates Plaintiff's Second, Fourth, Fourteenth and/or other constitutional rights.

   c. The potential applicability of defenses, including personal involvement and/or qualified immunity, to each Defendant.

**12) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS?**

The parties anticipate that some or all of the issues in this case may be amenable to resolution by means of a dispositive motion at the summary judgment stage.

**THERE IS DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?** See above.

**13) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

  **Plaintiff:** Plaintiff seeks declaratory and injunctive relief, as well as unspecified "compensatory and economic" damages, as well as punitive damages and attorney fees.

  **Defendants:** Seek dismissal of this action.

**14) DISCOVERY PLAN:**

A. <u>Mandatory Disclosures</u>

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least seven (7) days prior to the date of the Rule 16 conference unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline. **The parties exchanged their mandatory initial disclosures on July 6, 2023.**

B. <u>Subjects of Disclosure</u>

Plaintiff seeks, inter alia, documents related to the policies and procedures for inclusion in the State mental health database for NICS reporting, documents and communications related to Plaintiff's application and the determination thereof. Plaintiff anticipates deposing the named defendants, and other state employees and/or agents concerning the allegations in the Complaint.

Defendants anticipate seeking document disclosure, including complete HIPAA authorizations, from Plaintiff regarding his past mental health history, diagnosis and treatment. Defendants also anticipate deposing Plaintiff. It is unclear at this point whether third party depositions (potentially of medical providers) will be required.

**C.      Discovery Sequence**

**Describe the parties' understanding regarding the timing of discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.**

Following the mandatory disclosures under Rule 26(a)(1), the parties anticipate that discovery will include the following, with document discovery to be followed by depositions:

1. Interrogatories and Requests for Documents pursuant to Rules 33 and 34
2. Depositions of parties
3. Depositions of non-parties
4. Expert Discovery

**D.      Written Discovery**

**Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.**

The parties are not currently aware of any changes that should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure, including those provisions regarding the number and length of depositions and number of interrogatories.

**E.      Depositions**

**Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.**

Plaintiff cannot identify a specific number of depositions to be taken, particularly considering the lengthy witness list provided in the defendants' Rule 26 Disclosures.

Until Defendants complete initial document discovery and Plaintiff's deposition, they cannot state with certainty the number of depositions that will be required.

F.   **Experts**

**Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).**

The parties do not anticipate any variations from the expert disclosure requirements under the Federal Rules, or the uniform pre-trial scheduling order.

G.   **Electronic Discovery**

**Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.**

The parties are not aware of any issues regarding electronically stored information ("ESI").

As discovery proceeds, Defendants intend to consult with Plaintiff's counsel as appropriate regarding ESI.

H.      **Protective Orders**

**If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.**

Plaintiff anticipates a Confidentiality Order for medical records. Defendants are unaware of any issues requiring a protective order at this time.

I.      **Anticipated Issues Requiring Court Intervention**

**Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.**   Plaintiff anticipates assistance limiting the scope of Plaintiff's deposition.

Defendants are currently unaware of any discovery related issues that may require Court intervention.

15)     **IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

It is unknown to the parties at this time whether it is possible to reduce the length of trial using stipulations or other expedited means.

16)     **ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**           No.

17)     **IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?** N/A

18)     **WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the**

**prospect for settlement: Unknown at this time.**

1-----2-----3-----4-----5-----6-----7-----8-----9-----10

**(VERY UNLIKELY)º º º º º º º º º º (LIKELY)**

**CANNOT BE EVALUATED PRIOR TO (DATE)**

The parties cannot evaluate the prospects of settlement prior to discovery.

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

***COMPLETE QUESTION 19 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE – Subject to Mandatory Mediation under General Order #47.***

**19) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE**:

    A. Reviewed General Order #47?  YES.

    B. Reviewed the List of Court Approved Mediators available on the NDNY website? YES.

    C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program. YES – The parties respectfully request that this case be opted out of the program.

    D. Discussed the time frame needed to complete Mandatory Mediation? N/A.

Pursuant to Fed. R. Civ. P. 26(f) a conference was held on  _7/6 and 7/7_  Via Email Conference with  the participation of: Amy Bellantoni and Shannan Krasnokutski.

at the Rule 16(f) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the Clerk no later than seven (7) days in advance of the conference date*.