

January 25, 2024

**VIA ECF**

Hon. Daniel J. Stewart
James T. Foley U.S. Courthouse
445 Broadway – 4th Floor
Albany, NY 12207

    Re:    *Richey v. Sullivan*, 1:23-cv-00344-AMN-DJS

Your Honor,

    I represent the plaintiff, Isaac Richey, in the above-referenced matter. I write to request the Court's intervention in certain discovery disputes that good faith discussions between counsel have not been able to resolve. To be fair, there are objections to the production of information and documents on both sides of the aisle, the most pressing of which are set forth below.

### *The Identities of "Doe" Defendants and Material Witnesses Are Being Withheld By the Defendants*

    The Complaint names "Doe" defendants in their individual capacities; the "Does" are those individuals who "personally and directly implemented the policies and procedures that Plaintiff's personal identifying information being (i) improperly maintained in the state mental health database for firearms reporting purposes and/or (ii) improperly communicated to other federal and state agencies."

    Plaintiff's Request for the Production of Documents requested the production of documents and ESI concerning the identity, educational background, and professional experience, and job descriptions of the individuals who processed, reviewed, and made the final determination to deny Plaintiff's application for a Certificate of Relief from Firearm Disabilities and remove him from the state's NICS reporting database.

    Defendant objected to the production of any identifying information and, to the extent that documents and email communications were provided, the documents were redacted to hide the identify of the individuals involved in the processing, review, and determination of Plaintiff's continued inclusion in the state reporting database. The grounds for the objection were "public safety/public interest privilege," which has no application here.

The public safety privilege is applied to protect sensitive governmental information, not to shield individual state actors from being held legally accountable for their actions. Plaintiff has a right to know the identities and professional experience/background of the people who made decisions about, *inter alia* (i) his present day mental health status, and (ii) whether one of his enumerated constitutional rights should be terminated – and a right to challenge it, including by taking their depositions. Apart from whether these individuals will ultimately be named as defendants, these individuals have material and relevant information critical to Plaintiff's claims and Plaintiff will be substantially prejudiced without it.

There is no cognizable legal privilege supporting the State's decision to cause the unavailability of these witnesses. The withheld information is not "sensitive governmental information," nor does its disclosure pose a "public safety" risk. To the contrary, the public has a vested interest in knowing, among other information, who is making these decisions, what their qualifications and experience is, what guidelines and criteria they adhere to when making such decisions, etc. The requested information is being withheld by in bad faith to insulate state actors from liability for violating the constitution, and there is no privilege to do so.

***The Defendants' Request For Documents That Were Not Considered By the SAFE Act Office When Determining Plaintiff's Application (Not Part of the Administrative Proceedings)***

This litigation challenges, among other things, the policies and procedures enforced by the defendants (including the "Does" defendants) that resulted in Plaintiff being reported to the NICS system as a prohibited person, and the failure of defendants to remove him from the state database.

The final decision by defendants not to remove Plaintiff from the database was based on a finite world of information, all of which is in the possession of defendants/the SAFE Act Office.

The defendants are seeking documents outside of that finite world of documents and information. But the defendants are not entitled to any records other than those they had when they made their decision. Stated differently, information that none of the defendants had when they made enforced the regulations and rendered their final decision about Plaintiff is neither relevant nor material to any claims or defenses in this litigation.

***Deadlines Affected***

The deadline for the completion of discovery and non-dispositive motions is February 2, 2024. The Court should be aware that the discovery process was delayed during December and January due to the undersigned's being out of the office ill for several weeks.

In sum, I am respectfully requesting a conference with the Court to assist the parties in resolving these issues without the need for motion practice, and to identify a path forward to the completion of discovery.

Thank you for the Court's consideration.

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni