

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| LETITIA JAMES | DIVISION OF STATE COUNSEL |
|---|---|
| ATTORNEY GENERAL | LITIGATION BUREAU |

Writer Direct:  518-776-2606

February 2, 2024

Hon. Daniel J. Stewart
James T. Foley U.S. Courthouse
445 Broadway - 4th Floor
Albany, NY 12207

    **Re:**    *Richey v. Sullivan, et al.*
           **Northern District of New York**
           **23-CV-0344 (GTS/DJS)**

Dear Judge Stewart:

    This office represents defendants Ann Marie Sullivan, New York State Office of Mental Health, and New York State Office of NICS Appeals and SAFE Act.  I write in response to the letter filed by Amy Bellantoni, Esq. on January 25, 2024 on behalf of the Plaintiff, Isaac Richey and in anticipation .

    First, Ms. Bellantoni's correspondence with the Court is premature.  I last corresponded with Ms. Bellantoni on Monday, January 22, 2024, at which time I advised her that I needed to speak with my clients before I could meaningfully meet and confer regarding discovery issues.  Ms. Bellantoni emailed me on Tuesday, January 23, 2024, and did not advise that she would be seeking a Court conference in this matter.  I spoke with my clients late Wednesday prior to receiving Ms. Bellantoni's correspondence to the Court on Thursday.  Thus, Defendants would appreciate the opportunity to complete the good faith meet and confer process prior to involving the Court.  While Ms. Bellantoni is correct that Defendants raised significant and serious security concerns regarding Plaintiff's discovery demands, Defendants have not had the opportunity to discuss these concerns with Plaintiff's counsel to determine whether a resolution is possible.  Ms. Bellantoni's seeking relief from the Court prior to completing the meet-and-confer process violates Local Rules 7.1(a)(2) and 37.1(b) ("[t]he moving party must *confer in detail* with the opposing party . . . in a good faith effort to eliminate or reduce the area of controversy . . . .") (emphasis added).

    Second, as Ms. Bellantoni notes, Plaintiff refused to produce any documents or respond to interrogatories regarding any aspect of his mental health history except his five-day stay at Samaritan.  Ms. Bellantoni states that Defendants' decision "was based on a finite world of

February 2, 2024
Page 2

information, all of which is in the possession of defendants . . . . [T]he defendants are not entitled to any records other than those they had when they made their decision . . . ." ECF No. 16, at 2. Ms. Bellantoni's statement is baffling, as Plaintiff has refused to produce copies of *the very documents* he provided to Defendants in his application for a Certificate of Relief from Disabilities, or to respond to discovery demands regarding *those same documents*. Insofar as Defendants are seeking documents and information that pertains almost entirely to Plaintiff's actual application for a Certificate of Relief, Plaintiff's position is nonsensical.

Third, Plaintiff correctly states that the current discovery deadline is February 2, 2024, but does not advise as to the length of extension requested. I have accepted a position with another agency, and my last day in this office is February 14, 2024. I will participate in the scheduled conference on February 13, 2024, but I anticipate the imminent appearance of another attorney in this matter on behalf of Defendants. Accordingly, Defendants respectfully request that discovery be extended for a minimum of 90 days in order to permit new counsel to become familiar with the file and work with Plaintiff's counsel to complete discovery.

Thank you for your attention to this matter.

Respectfully,

*s/ Shannan C. Krasnokutski*

Shannan C. Krasnokutski
Assistant Attorney General
Bar Roll No. 512932
Shannan.Krasnokutski@ag.ny.gov

cc:     Amy Bellantoni, Esq. (via ECF)