

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct: 518-776-2606

February 8, 2024

Hon. Daniel J. Stewart
James T. Foley U.S. Courthouse
445 Broadway - 4th Floor
Albany, NY 12207

    **Re:**   *Richey v. Sullivan, et al.*
             **Northern District of New York**
             **23-CV-0344 (GTS/DJS)**

Dear Judge Stewart:

      This office represents defendants Ann Marie T. Sullivan, New York State Office of Mental Health, and New York State Office of NICS Appeals and SAFE Act. I write in response to the Court's Order dated February 2, 2024 (ECF No. 19), directing that the parties file a status report on or before February 8, 2024.

      Following receipt of the Court's Order, the parties conferred on February 7, 2024 regarding the outstanding discovery disputes in this matter. Although the parties made progress with respect to certain minor disputes, several significant disputes remain. First, although Defendants have offered to provide Plaintiff much of the information they seek under a negotiated protective order, Plaintiff's counsel is categorically unwilling to enter into a protective order regarding such information.

      Defendants have significant and legitimate security concerns related to providing this information to Plaintiff absent a protective order. Defendants have substantial concerns with providing personal and identifying information of nonparty Panel members, who play a role in making determinations regarding the firearms rights of individuals with known mental health and/or criminal justice system history. Defendants are prepared to share those concerns in further detail with the Court during the scheduled conference on February 13, 2024. To the extent Plaintiff may claim that Defendants have refused to produce documents *unrelated* to security concerns – including documents such as position descriptions for NICS Panel members, such a concern on Plaintiff's part is misplaced. Defendants previously have advised Plaintiff that no such documents exist.

THE CAPITOL, ALBANY, NY 12224-0341 ● (518) 776-2300 ● WWW.AG.NY.GOV

Page 2

      Second, Plaintiff's counsel takes the position that Plaintiff need not provide HIPAA authorizations for any of his mental health or psychiatric providers, apparently maintaining that Defendants are entitled to no records or information in this proceeding beyond those on which the Panel relied in denying Plaintiff's application for a certificate of relief from disabilities. Plaintiff is incorrect. In this as-applied constitutional challenge, the Court is "obliged to first afford . . . discovery[,]" thus permitting it to make its decision "based on a developed factual record and the application of a statute to a specific person . . . ." *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council Baltimore*, 721 F.3d 264, 282 (4th Cir. 2013) (internal quotations omitted). Insofar as Plaintiff alleges that certain statutes may not constitutionally be applied to Plaintiff, Defendants are entitled to discovery to explore the basis for Plaintiff's assertion.

      Defendants are prepared to discuss all of these issues, as well as issues relating to discovery scheduling, at the conference scheduled with the Court on February 13, 2024.

      Thank you for your attention to this matter.

                                                     Respectfully,

                                                     *s/ Shannan C. Krasnokutski*
                                                     Shannan C. Krasnokutski
                                                     Assistant Attorney General
                                                     Bar Roll No. 512932
                                                     Shannan.Krasnokutski@ag.ny.gov

cc:      Amy Bellantoni, Esq. (via ECF)