UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ISAAC RICHEY,

                                *Plaintiff*,

           -against-                            1:23-cv-0344

ANN MARIE T. SULLIVAN, MD, in her Individual and           AMN/DJS
Official Capacity, NEW YORK STATE OFFICE OF
MENTAL HEALTH, NEW YORK STATE OFFICE OF
NICS APPEALS AND SAFE ACT, DOES 1-10 in their
individual capacities,

                               *Defendants*.

---

**STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated and agreed among the parties, and IT IS HEREBY ORDERED by the Court, that the following procedures shall govern the production, exchange, and discovery in this action of documents, testimony, interrogatory responses and other information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony" or "Information").

1.    Any party may designate Documents produced, Testimony given, or other Information provided in connection with this action as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties or by other appropriate means provided said document and/or statement meets the definition of "Confidential Information" set forth in paragraph 2 below.

1

2. As used herein:

(a) "Confidential Information" shall mean all Documents, Testimony, other Information, and all information contained therein, designated as confidential, the Producing Party reasonably and in good faith believes contains or would disclose non-public, confidential, personal, or proprietary information that requires the protections provided in this Stipulation and Order, including, but not limited to, any information that constitutes confidential information under Federal Rule of Civil Procedure 26(c) or applicable laws or regulations, including student information and records protected by the Family Educational Rights and Privacy Act ("FERPA"); personnel or employment records; medical information which is protected from disclosure by statute; trade secrets; proprietary business information; information that may endanger the safety and security of any person, or calls for information subject to a public interest privilege; competitively sensitive information; investigatory or law enforcement information related to other matters; personal information of individuals not party to this action; or pose a risk of harm or interference to an ongoing investigation in another matter.

(b) "Producing Party" shall mean the parties to this action and any third parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c) "Receiving Party" shall mean the parties to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

3. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel of plaintiff or defendants actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 6 hereof;

(d) the Court and court personnel, if filed in accordance with paragraph 12 hereof;

(e) an officer before whom a deposition is taken, including stenographic reporters, any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

(f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

(g)     any other person agreed to by the parties.

4.    In the event a Producing Party produces Confidential Information that it reasonably believes would not be adequately protected by designation as "CONFIDENTIAL" under the terms of this Order, it shall identify such material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Documents designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to persons other than those identified in Paragraphs 3(b), (c), (d), (e), (f) and (g).  To the extent necessary, plaintiff may view the disclosures designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" *only* in the presence of plaintiff's counsel and/or defense counsel and *only* for the purposes of assisting in the prosecuting or defense of this action.  Under no circumstances shall plaintiff retain copies or take possession of disclosures designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.    The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a Document or other Information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If the Producing Party does not agree to declassify such Document or Information, the Receiving Party may move before the Court for an order declassifying such Document or Information.  If no such motion is filed, such Document or Information shall continue to be treated as designated.  If such motion is filed, the Document or Information shall be deemed as originally designated by the Producing Party unless and until the Court rules otherwise.

6.    Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7.    Before any disclosure of Confidential Information is made to a person described in paragraphs 3(a), (c) or (g) hereof, counsel for the Receiving Party shall provide such person's

4

agreement, in the form of the certificate attached as Exhibit A hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the Confidential Information.

8. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. During this time, either party may designate portions of the deposition as Confidential by notifying opposing counsel. If no confidential designation is made at the conclusion of the fifteen (15) days by either party, the transcript will no longer be treated as Confidential Information.

9. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any Documents or Information which have been designated as "Confidential Information" under the terms hereof. Any court reporter or deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto as Exhibit A. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

11. A party may designate as Confidential Information subject to this Stipulation any Documents, Information, or Testimony produced or given by any non-party to this case, or any portion thereof that meets the definition of Confidential contained in paragraph 2(a) above. In the

case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by the Producing Party.  In the case of Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by the Producing Party.  Prior to the expiration of such fifteen- (15) day period (or until a designation is made by counsel, if such designation is made in a shorter period of time), all such Documents or Testimony shall be treated as Confidential Information.

12. A Receiving Party who seeks to file with the Court (a) any deposition transcripts, exhibits, answers to interrogatories, and other Documents which have previously been designated as comprising or containing Confidential Information; or (b) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with seven (7) days' written notice of its intent to file such material with the Court, so that the Producing Party may file any motion it deems appropriate with respect to such Confidential Information.  The Confidential Information shall not be filed until the Court renders a decision on the Producing Party's motion with respect to the confidential treatment of the Information.

13. A party seeking to file a Document which contains Confidential Information prior to the Court's rendering a decision on the Producing Party's motion, may do so by (a) filing a redacted copy of the document that removes all Information designated as Confidential; and (b) providing an unredacted hard copy of the document to the Court in the manner outlined in paragraph (15), below.

14. The Court shall retain discretion whether to afford confidential treatment to any Confidential Document, or Information contained in any Confidential Document, submitted to the

Court in connection with any letter motion, application, or proceeding that may result in an order and/or decision by the Court.

15. In the event a motion to seal is granted by the Court, all deposition transcripts, exhibits, answers to interrogatories, and other Documents which have previously been designated by a party as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed (a) the caption of this litigation; (b) the words "CONFIDENTIAL MATERIAL – SUBJECT TO STIPULATION FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION"; and (c) a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties.   Violation hereof may be regarded as contempt of the Court."

16. All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any Documents which have previously been designated by a party as comprising or containing Confidential Information shall identify such Documents by the production number ascribed to them at the time of production.

17. Any person receiving Confidential Information shall not reveal such Confidential Information to, or discuss such Confidential Information with, any person not entitled to receive such under the terms hereof.

18. Any Document, Testimony or Information that may contain Confidential Information, which has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 1 and/or 11 of this Stipulation, may be so designated by the

Producing Party by written notice to the undersigned counsel for the Receiving Party identifying the Document or Information as "confidential" within fifteen (15) days following the discovery that the Document, Testimony, or Information has been produced without such designation.

19. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

20. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

21. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court, or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure, the Northern District of New York Local Rules, or other applicable law.

22. This Stipulation shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any part of the Stipulation. The provisions of this Stipulation shall, absent Court order or prior written consent of both parties, continue to be binding after the conclusion of this action.

23. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

24. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and/or Documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and/or Documents, and that such physical objects and/or Documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of Documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.

25. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

26. This Stipulation may be changed by written agreement of both parties, or by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular Documents, Testimony, or Information.

IT IS SO STIPULATED.

Dated: March 13, 2024
Scarsdale, New York

The Bellantoni Law Firm, PLLC

By: *Amy L. Bellantoni*
Amy L. Bellantoni, Esq.
*Attorneys for Plaintiff*
2 Overhill Road, Suite 400
Scarsdale, New York 10583
Telephone: (914) 367-0090
abell@bellantoni-law.com


Dated: March 13, 2024
Albany, New York

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants Ann Marie T. Sullivan, MD, in her individual and official capacity; New York State Office of Mental Health; and New York State Office of NICS Appeals and Safe Act*
The Capitol
Albany, New York   12224

By: *Mark G. Mitchell*
Mark G. Mitchell
Assistant Attorney General, of Counsel
Bar Roll No. 516818
Telephone:  (518) 776-2583
Fax:   (518) 915-7738 (not for service of papers)
Email:   mark.mitchell@ag.ny.gov


IT IS SO ORDERED.

_____
The Honorable Daniel J. Stewart
United States Magistrate Judge

Dated: _____, 2024

**EXHIBIT A**

**EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ISAAC RICHEY,

<em>Plaintiff</em>,

-against-

ANN MARIE T. SULLIVAN, MD, in her Individual and
Official Capacity, NEW YORK STATE OFFICE OF
MENTAL HEALTH, NEW YORK STATE OFFICE OF
NICS APPEALS AND SAFE ACT, DOES 1-10 in their
individual capacities,

1:23-cv-0344

AMN/DJS

<em>Defendants</em>.

## Declaration and Acknowledgment of Protective Order

I, _____, state that:

1) My address is_____.
2) My present employer is _____.
3) My present occupation or job description is _____.
4) I have received a copy of the Stipulated Protective Order (the "Stipulation") entered into by the parties to the above-entitled action on _____.
5) I have carefully read and understand the provisions of the Stipulation.
6) I will comply with all of the provisions of the Stipulation.
7) I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.
8) I will return all Confidential Information that comes into my possession, and Documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.
9) I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____, 20___

By: _____