UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ISAAC RICHEY,

                         Plaintiff,            1:23-cv-00344-AMN-DJS

    -against-


ANN MARIE T. SULLIVAN, MD, in her Individual
and Official Capacity, NEW YORK STATE OFFICE
OF MENTAL HEALTH, NEW YORK STATE OFFICE
OF NICS APPEALS AND SAFE ACT, DOES 1-10 in
their individual capacities,

                            Defendants.
------------------------------------------------------------------x


# MEMORANDUM OF LAW

# IN SUPPORT OF PLAINTIFF'S MOTION FOR

# LEAVE TO AMEND THE COMPLAINT


**Amy L. Bellantoni, Bar No. 701018**
*Attorney for Plaintiff*
**THE BELLANTONI LAW FIRM, PLLC**
**2 Overhill Road, Suite 400**
**Scarsdale, New York 10583**
**(914) 367-0090 (t)**
**(888) 763-9761 (f)**
**abell@bellantoni-law.com**

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................ i

PRELIMINARY STATEMENT ......................................................................................... 1

PROCEDURAL BACKGROUND ...................................................................................... 1

ARGUMENT ....................................................................................................................... 4

I. PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND THE COMPLAINT ................. 4

    A.  Amendment to Identify Three (3) Doe Defendants ...................................... 4

    B. Amendment To Narrow Plaintiff's Emotional Damages Claims ................. 5

CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Block v. First Blood Assocs.*,
   988 F.2d 344 (2d Cir.1993) .................................................................................................. 4

*Foman v. Davis*,
   371 U.S. 178 (1962) ............................................................................................................... 4

*Jones v. McMahon*,
   2007 WL 2027910 (N.D.N.Y. July 11, 2007) ....................................................................... 4

*Meyer v. First Franklin Loan Servs, Inc.*,
   2010 WL 277090 (N.D.N.Y. Jan. 19, 2010) ......................................................................... 4

*Olsen v. Cnty. of Nassau*,
   615 F. Supp. 2d 35 (E.D.N.Y. 2009) ..................................................................................... 3

*S.S. Silberblatt, Inc. v. E. Harlem Pilot Block–Bldg. 1 Hous.*,
   608 F.2d 28 (2d Cir.1979) ...................................................................................................... 4

**Rules**

Fed.R.Civ.P. 15(a)(2) ................................................................................................................... 4

## PRELIMINARY STATEMENT

Plaintiff Isaac Richey ("Plaintiff") submits the within Memorandum of Law and Declaration of Amy L. Bellantoni with annexed exhibits in support of his motion for leave to file a First Amended Complaint to (i) identify previously named "Doe" defendants and (ii) confine the allegations related to compensatory damages to those meeting the "garden variety" level.

## PROCEDURAL BACKGROUND

Plaintiff filed a complaint in this Court on March 17, 2023 (the "Complaint"), which challenges certain New York State statutes under the New York State Mental Hygiene Law, facially and as applied [ECF No. 1]. Among other allegations, the Complaint names "Does 1-10, in their individual capacities" (the "Does") and describes the Does "individuals who personally and directly implemented the policies and procedures described herein resulting in Plaintiff's personal identifying information being (i) improperly maintained in the state mental health database for firearms reporting purposes and/or (ii) improperly communicated to other federal and state agencies" [ECF No. 1 at ¶ 9; see also, ¶¶ 40-50].

The Does were also identified in the Complaint as those individuals who "reviewed the documents [submitted in support of Plaintiff's application for a Certificate of Relief], including Plaintiff's complete medical records from Samaritan in 2019…[and that on] or about July 28, 2022, Defendants denied Plaintiff's application for a Certificate of Relief and have not removed Plaintiff's records and identifying information from the state database" [ECF No. 1 at ¶¶ 87-92].

The Complaint also includes a prayer for compensatory, economic, punitive, and nominal damages against the individual defendants [ECF No. 1 at p. 23].

On or about July 26, 2023, Defendants served their Rule 26(a) Mandatory Disclosures, which listed 47 names as witnesses that "may have discoverable information relating to the claims and allegations in the Complaint." Declaration of Amy L. Bellantoni ("Bellantoni Dec.") at ¶ 7.

1

On or about October 18, 2023, Plaintiff served on Defendants a Demand for the Production of Documents and Electronically Stored Information which requested, among other information,

> "All documents, recordings, communications, and ESI, as defined above, concerning the identity, educational background, and professional experience of the individuals who "processed" (No. 10), "reviewed" (No. 11) "determined" (No. 12) and "made the final determination of" (No. 13) "Plaintiff's application for a Certificate of Relief from Firearm Disabilities."

Bellantoni Dec. at ¶ 8. A true and accurate copy of Plaintiff's Demands for the Production of Documents and Electronically Stored Information is attached to the Bellantoni Dec. as Exhibit 1.

On or about December 18, 2023, Defendants served their Response to Plaintiff's Demands for Documents, to which Demand Nos. 10-13 were objected to based on a "public safety" privilege, which Plaintiff contends falls far short of any cognizable privilege. Bellantoni Dec. at ¶ 9. A true and accurate copy of Defendants' Objections is attached to the Bellantoni Dec. as Exhibit 2.

Defendants in this case and in a parallel matter [*D.B. v. Sullivan*, 1:22-cv-282 (MAD/CFH)] persisted in their refusal to provide the identities (and other requested information noted above) of the individuals who processed, reviewed, determined, and made the final determination of Plaintiff's application to be removed from the New York State NICS reporting database. Those people are, of course, at least three (3) of the Does named in the Complaint. Bellantoni Dec. at ¶ 10.

Through means unrelated to, and despite, any efforts by the State Defendants, Plaintiff learned the identities of two (2) of the three Panel Members who consider and make determinations about the approval (or denial) of applications to be removed from the New York State NICS mental health reporting database -- Li-Wen Grace Lee, M.D. and Carmen Barber. With that information, Plaintiff commenced a third similar action, *Giannavola v. Lee*, 6:24-cv-06096-FPG, in the Western District of New York. Bellantoni Dec. at ¶ 11.

Notwithstanding that the identities of two of the three Panel Members was made known publicly, Defendants in this action persisted in refusing to disclose the identity of the third Panel Member. Plaintiff was, however, able to learn the identity of the third Panel Member – Tony Trahan - through the State's compliance with the disclosure requirements in *D.B. v. Sullivan* on March 12, 2024. Bellantoni Dec. at ¶ 12.

Notably, Defendants' Rule 26(a) Disclosure omitted Mr. Trahan's name from the list of 47 witness names. Plaintiff could not reasonably know that two of the Panel Members were identified on Defendants' Rule 26(a) Disclosures, particularly given the obstinacy with which Defendants have resisted disclosing the identities of the Penal Members. Bellantoni Dec. at ¶ 13. A true and accurate copy of Defendants' Initial Mandatory Rule 26(a) Disclosures is attached to the Bellantoni Dec. as Exhibit 3.

The First Amended Complaint seeks to identify three of the "Does" as Li-Wen Grace Lee, M.D., Carmen Barber and Tony Trahan. Bellantoni Dec. at ¶ 14.

The second manner in which Plaintiff seeks to amend the Complaint is to narrow the allegations related to Plaintiff's claim for compensatory damages to confine his claim to "garden variety" emotional distress damages lacking extraordinary circumstances and unsupported by any medical corroboration. *Olsen v. Cnty. of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009). Bellantoni Dec. at ¶ 15.

A copy of Plaintiff's proposed First Amended Complaint (redlined) is attached to the Bellantoni Dec. as Exhibit 4.

## ARGUMENT

## I. PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND THE COMPLAINT

### A. Amendment to Identify Three (3) Doe Defendants

Pursuant to Fed.R.Civ.P. 15(a)(2), leave to amend a complaint should be freely given in the absence of any apparent or declared reason to not grant leave to amend, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Sims v. Electrolux Home Prod., Inc.*, No. 5:13-CV-0625 GTS/DEP, 2014 WL 4828151, at *3 (N.D.N.Y. Sept. 29, 2014) citing, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block–Bldg. 1 Hous.*, 608 F.2d 28, 42 (2d Cir.1979); *Meyer v. First Franklin Loan Servs, Inc.*, No. 08–CV1332, 2010 WL 277090, at *1 (N.D.N.Y. Jan. 19, 2010); *Jones v. McMahon*, No. 98–CV–0374, 2007 WL 2027910, at *10 (N.D.N.Y. July 11, 2007).

Mere delay absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend. *Sims*, at *3 quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993) (citation omitted). "In determining what constitutes prejudice, [courts] consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.* (citation and quotation omitted).

As shown through Plaintiff's October 18, 2023 Demand for the Production of Documents [Ex. 1] and related communications and conference with counsel and the Court[1], Plaintiff has acted

---

[1] ECF Nos.16, 18, 21, 22 and related conferences held with the Court on 2/13/2024 and 03/14/2024.

diligently and in good faith to obtain the identities of the individuals who processed, reviewed, determined, and made the final determination of Plaintiff's application for a Certificate of Relief from Firearm Disabilities – information finally learned from sources other than Defendants, who went so far as to unilaterally omit the name of the third Panel Member from Defendants' Rule 26(a) disclosure.

Plaintiff could not reasonably have moved to amend the Complaint sooner, nor is there any prejudice to Defendants from the sought-after amendments.

### B. Amendment To Narrow Plaintiff's Emotional Damages Claims

Plaintiff also seeks to amend the allegations in the Complaint to confine his prayer for compensatory damages to "garden variety" emotional damages. This amendment will, likewise, not cause any prejudice to Defendants as Plaintiff has not yet been deposed and the narrowing of Plaintiff's damages claim is actually beneficial to Defendants as it limits their monetary exposure.

### CONCLUSION

Plaintiff's motion should, most respectfully, be granted.

Dated: March 26, 2024

        *Amy L. Bellantoni*
Amy L. Bellantoni Bar No. 701018
*Attorney for Plaintiff*
THE BELLANTONI LAW FIRM, PLLC
2 Overhill Road, Suite 400
Scarsdale, New York 10583
(914) 367-0090 (t)
(888) 763-9761 (f)
abell@bellantoni-law.com