UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ISAAC RICHEY,

                        Plaintiff,          1:23-cv-00344-AMN-DJS

    -against-

**DECLARATION OF**
ANN MARIE T. SULLIVAN, MD, in her Individual    **AMY L. BELLANTONI**
and Official Capacity, NEW YORK STATE OFFICE
OF MENTAL HEALTH, NEW YORK STATE OFFICE
OF NICS APPEALS AND SAFE ACT, DOES 1-10 in
their individual capacities,

                        Defendants.
-----------------------------------------------------------------x

       AMY L. BELLANTONI, an attorney duly admitted to practice in the United States District Courts for the Northern District of New York, declares pursuant to 28 U.S.C. §1746 that:

       1.    I am the Principal of The Bellantoni Law Firm, PLLC, attorneys for Plaintiff, Isaac Richey, in the above-captioned matter.

       2.    I am admitted to practice law before the United States District Courts for the Southern, Eastern, Northern and Western Districts of New York, the District of Columbia, the Central District of California (*pro hac vice*), the Second Circuit Court of Appeals, the Ninth Circuit Court of Appeals, and the United States Supreme Court. I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, could and would testify competently thereto.

       3.    This Declaration is submitted in support of Plaintiff's Motion for leave to file a First Amended Complaint.

       4.    Plaintiff filed a complaint in this Court on March 17, 2023 (the "Complaint"), which challenges certain New York State statutes under the New York State Mental Hygiene Law, facially and as applied [ECF No. 1]. Among other allegations, the Complaint names "Does

1-10, in their individual capacities" (the "Does") and describes the Does "individuals who personally and directly implemented the policies and procedures described herein resulting in Plaintiff's personal identifying information being (i) improperly maintained in the state mental health database for firearms reporting purposes and/or (ii) improperly communicated to other federal and state agencies" [ECF No. 1 at ¶ 9; see also, ¶¶ 40-50].

5. The Does were also identified in the Complaint as those individuals who "reviewed the documents [submitted in support of Plaintiff's application for a Certificate of Relief], including Plaintiff's complete medical records from Samaritan in 2019…[and that on] or about July 28, 2022, Defendants denied Plaintiff's application for a Certificate of Relief and have not removed Plaintiff's records and identifying information from the state database" [ECF No. 1 at ¶¶ 87-92].

6. The Complaint also includes a prayer for compensatory, economic, punitive, and nominal damages against the individual defendants [ECF No. 1 at p. 23].

7. On or about July 26, 2023, Defendants served their Rule 26(a) Mandatory Disclosures, which listed 47 names as witnesses that "may have discoverable information relating to the claims and allegations in the Complaint."

8. On or about October 18, 2023, Plaintiff served on Defendants a Demand for the Production of Documents and Electronically Stored Information which requested, among other information,

> "All documents, recordings, communications, and ESI, as defined above, concerning the identity, educational background, and professional experience of the individuals who "processed" (No. 10), "reviewed" (No. 11) "determined" (No. 12) and "made the final determination of" (No. 13) "Plaintiff's application for a Certificate of Relief from Firearm Disabilities."

2

A true and accurate copy of Plaintiff's Demands for the Production of Documents and Electronically Stored Information is attached hereto as Exhibit 1.

9. On or about December 18, 2023, Defendants served their Response to Plaintiff's Demands for Documents, to which Demand Nos. 10-13 were objected to based on a "public safety" privilege, which Plaintiff contends falls far short of any cognizable privilege. A true and accurate copy of Defendants' Objections is attached hereto as Exhibit 2.

10. Defendants in this case and in a parallel matter [*D.B. v. Sullivan*, 1:22-cv-282 (MAD/CFH)] persisted in their refusal to provide the identities (and other requested information noted above) of the individuals who processed, reviewed, determined, and made the final determination of Plaintiff's application to be removed from the New York State NICS reporting database. Those people are, of course, at least three (3) of the Does named in the Complaint.

11. Through means unrelated to, and despite, any efforts by the State Defendants, Plaintiff learned the identities of two (2) of the three Panel Members who consider and make determinations about the approval (or denial) of applications to be removed from the New York State NICS mental health reporting database -- Li-Wen Grace Lee, M.D. and Carmen Barber. With that information, Plaintiff commenced a third similar action, *Giannavola v. Lee*, 6:24-cv-06096-FPG, in the Western District of New York.

12. Notwithstanding that the identities of two of the three Panel Members was made known publicly, Defendants in this action persisted in refusing to disclose the identity of the third Panel Member. Plaintiff was, however, able to learn the identity of the third Panel Member – Tony Trahan - through the State's compliance with the disclosure requirements in *D.B. v. Sullivan* on March 12, 2024.

13. Notably, Defendants' Rule 26(a) Disclosure omitted Mr. Trahan's name from the list of 47 witness names. A true and accurate copy of Defendants' Initial Mandatory Rule 26(a) Disclosures is attached hereto as Exhibit 3. Plaintiff could not reasonably know that two of the Panel Members were identified on Defendants' Rule 26(a) Disclosures, particularly given the obstinacy with which Defendants have resisted disclosing the identities of the Penal Members.

14. The First Amended Complaint seeks to identify three of the "Does" as Li-Wen Grace Lee, M.D., Carmen Barber and Tony Trahan.

15. The second manner in which Plaintiff seeks to amend the Complaint is to narrow the allegations related to Plaintiff's claim for compensatory damages to confine his claim to "garden variety" emotional distress damages lacking extraordinary circumstances and unsupported by any medical corroboration. Olsen v. Cnty. of Nassau, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009).

16. A copy of Plaintiff's proposed First Amended Complaint (redlined) is attached hereto as Exhibit 4.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 26, 2024

*Amy L. Bellantoni*
Amy L. Bellantoni, Bar No. 701018
*Attorney for Plaintiff*
THE BELLANTONI LAW FIRM, PLLC
2 Overhill Road, Suite 400
Scarsdale, New York 10583
(914) 367-0090 (t)
(888) 763-9761 (f)
abell@bellantoni-law.com