**EXHIBIT 1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ISAAC RICHEY,

                                    Plaintiff,                  1:23-cv-00344-AMN-DJS

    -against-

                                                                 **PLAINTIFF'S DEMANDS FOR**
ANN MARIE T. SULLIVAN, MD, in her Individual     **THE PRODUCTION OF**
and Official Capacity, NEW YORK STATE OFFICE     **DOCUMENTS AND**
OF MENTAL HEALTH, NEW YORK STATE OFFICE     **ELECTRONICALLY STORED**
OF NICS APPEALS AND SAFE ACT, DOES 1-10 in     **INFORMATION**
their individual capacities,

                                    Defendants.
------------------------------------------------------------------x

       PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, ISAAC RICHEY, by and through his attorneys, The Bellantoni Law Firm, PLLC, demand that Defendants produce at the office of the undersigned copies of each and every document identified below within 30 days.

## INSTRUCTIONS AND DEFINITIONS

       1.     The Uniform Instructions in Discovery Demands as set forth in Local Rule 26 for the Northern District of New York are incorporated herein by reference and shall apply.

       2.     These requests for the production of documents are directed toward each and every named defendant, their agents, representatives, employees, attorneys and any other person(s) subject to their control, which are required to produce all responsive documents in their possession, custody or control.

       3.     If defendants cannot answer any of the following requests for production in full after exercising due diligence in attempting to secure the information available by the date their responses to these requests for production are due, explain why defendants cannot answer the remainder and state the nature of the information or knowledge that defendants cannot furnish.

1

4. The term "person" as used herein, shall be deemed to include, in the plural as well as singular, any natural person, firm, association, partnership, joint venture, corporation, governmental body or agency, association, public organization, or other entity, unless the context otherwise indicates.

5. The word "identify" or "identity" when used herein with reference to a person, means that defendants are to give the person's full name, all known business addresses, all known residence addresses, all known telephone numbers, and all known occupations. With respect to a corporate entity, provide (1) the legal name under which such entity is incorporated or registered; (2) the state in which the entity is incorporated or registered; (3) the full business address and telephone number of each entity; and (4) the officers of such entity.

6. The term "document" or "documents" as used herein, shall mean originals and all copies, unless identical, of all forms of tangible expression, and includes, without limitation, Electronically Stored Information, as defined below, any written, printed, recorded, pictorial, graphic or photographic material, however produced or reproduced, formal or informal, whether for internal or external use, including without limitation, correspondence, memoranda, reports, letters, amendments, drafts, log book entries, telephone logs, telegrams, telexes, notes (including stenography notes), minutes, contracts, agreements, directives, instructions, court papers, graphic representations, Power Point presentations, lists of persons or things, books, resumes, employment applications, pamphlets, appointment books, manuscripts, mechanical and electric sound recordings, charts, tapes, audio recordings, video recordings, digital recordings, microfilm, microfiche, indices, data sheets, data processing cards and tapes, statistical tables, communications, memoranda made of any communications, emails, text messages, instant messages, SMS, summaries, charts, evaluations, negotiable instruments, rules, minutes, invoices,

administrative complaints, diagrams and electronic data in any form. If any document was, but is no longer, in the custody, possession and/or control of defendants or their agents, or is no longer in existence, state whether the documents (1) has been destroyed and, if so, under what circumstances the document was destroyed and at whose direction or instruction it was destroyed and the date of such destruction; (2) is missing or lost; (3) was turned over to a third person and, if so, when the transfer occurred, under what circumstances the transfer occurred and at whose direction.

    7.      The term "communication" as used herein shall mean any transmission or exchange of information between two or more persons, orally or in writing, including but not limited to any conversations or discussions that are in-person, telephone, email, text, SMS, through any and all online means, including any and all social media and corporate media.

    8.      The term "control" refers to documents within the possession, control or access of defendants, their agents, and attorneys.

    9.      When a document or copy, transcription or recording of a communication is supplied in response to these requests for production, please identify by number each request for production to which the document is responsive.

    10.     A writing produced that contains handwritten notes on any side of the writing different than the original shall be considered the subject of a separate document request and shall be produced.

    11.     A response that includes documents wholly or partially written in a foreign language shall be accompanied by an English language translation of those portions of that are in a foreign language.

12. If any documents responsive to a demand for identification or production is in your control, but is not in your possession or custody, identify the person with possession or custody.

13. Documents produced pursuant to this demand are to be produced in the form, order and manner in which they are maintained in your files to the best of your ability. In this connection, documents are to be produced in the file folders and file cartons that they have been maintained, stored, clipped, stapled, and otherwise arranged, in the same manner and form as they were found.

14. Electronically stored information ("ESI") shall include all electronic information permitted pursuant to Rule 34 of the Fed. R. Civ. P., including without limitation, internet web pages, word processing documents, spreadsheets, presentation documents, graphics, animations, images, email (including attachments which shall be kept with the email), instant messages, text messages, voice mail, audio, video and audiovisual recordings, databases and database subsets and any and all digital information stored on computer networks, servers, hard drives, systems, laptops, desktops, home computers, work computers, smart phones, archives, cloud-based storage systems and data, tapes, cartridges, handheld devices, tablets, external storage devices, pagers, voicemail systems and the like. All ESI shall be produced in its original native format with metadata preserved and in a form reasonably usable to the undersigned.

15. All ESI shall be produced on CD-R or DVD-R disc with the identity of the custodian(s) and date(s) of production clearly marked on the face of the disc.

16. All emails shall be produced with their original attachments.

17. Should any document be withheld, whether ESI or otherwise, on the grounds of privilege or confidentiality, please state the basis for the privilege/confidentiality, the date and author of the document and the general subject matter of the document.

18. "SAFE Act database" shall mean the New York State database in which personal identifying information of individuals is maintained and thereafter reported for purposes related to firearms disqualification, and the like.

19. The term "firearm" as defined herein shall mean handguns, rifles, and shotguns.

20. "Samaritan" shall mean Samaritan Medical Center located at 830 Washington Street, Watertown, New York 13601 and any and all of its employees, agents, representatives, and the like.

21. "SAFE Act portal" shall mean the on-line access portal through which information about individuals is reported pursuant to, *inter alia,* Mental Hygiene Law § 7.09 and/or Article 9.

22. "SAFE Act reporting" shall mean notification and reporting to the SAFE Act Office of an individual pursuant to, *inter alia,* Mental Hygiene Law § 7.09 and/or Article 9.

23. "SAFE Act Office" shall mean the New York State Office of NICS Appeals and SAFE Act.

24. "NICS" shall mean the National Instant Criminal Background Check System, and shall also include the FBI (Federal Bureau of Investigation) and all other federal law enforcement agencies.

25. "DCJS" shall mean the New York State Division of Criminal Justice Services.

26. These demands as described above are deemed to be continuous and are to be supplemented promptly should any additional documents and/or ESI become available after the date of production.

# DOCUMENTS TO BE PRODUCED

**The following demands seek information, documents, recordings, communications, and ESI for the time period encompassing <u>January 1, 2019 to the Present</u>.**

1. All documents, recordings, communications, and ESI, as defined above, concerning Plaintiff.

2. All documents, recordings, communications, and ESI, as defined above, relating to communications between and among the individually named defendants concerning Plaintiff.

3. All documents, recordings, communications, and ESI, as defined above, between and among Defendants and Samaritan concerning Plaintiff.

4. All documents, recordings, communications, and ESI, as defined above, between and among Defendants and Jefferson County, New York concerning Plaintiff.

5. All documents, recordings, communications, and ESI, as defined above, concerning information in, transmitted through, and/or received by Defendants via the "SAFE Act portal."

6. All documents, recordings, communications, and ESI, as defined above, relating to any and all SAFE Act reports concerning Plaintiff.

7. All documents, recordings, communications, and ESI, as defined above, concerning the criteria under which Defendants operate to ensure that the personal identifying information of non-disqualified individuals is not being maintained in the SAFE Act database and/or reported to NICS.

8. All documents, recordings, communications, and ESI, as defined above, concerning the factors and criteria used to deny or grant an application for a Certificate of Relief from Firearm Disabilities.

9. All documents, recordings, communications, and ESI, as defined above, concerning the process for considering an application for a Certificate of Relief from Firearm Disabilities – from inception to determination.

10. All documents, recordings, communications, and ESI, as defined above, concerning the identity, educational background, and professional experience of the individuals who processed Plaintiff's application for a Certificate of Relief from Firearm Disabilities.

11. All documents, recordings, communications, and ESI, as defined above, concerning the identity, educational background, and professional experience of the individuals who reviewed Plaintiff's application for a Certificate of Relief from Firearm Disabilities.

12. All documents, recordings, communications, and ESI, as defined above, concerning the identity, educational background, and professional experience of the individuals who determined Plaintiff's application for a Certificate of Relief from Firearm Disabilities.

13. All documents, recordings, communications, and ESI, as defined above, concerning the identify, educational background, and experience, of the individual(s) who made the final determination of Plaintiff's application for a Certificate of Relief from Firearm Disabilities.

14. All documents, recordings, communications, and ESI, as defined above, concerning information communicated to NICS regarding Plaintiff.

15. All documents, recordings, communications, and ESI, as defined above, concerning information communicated to DCJS regarding Plaintiff.

16. All documents, communications, and ESI evidencing the practices, policies, and procedures of the SAFE Act Office relating to processing, reviewing, and/or determining applications for a Certificate of Relief.

17. All documents, communications, and ESI reviewed and/or considered by Defendants to determine Plaintiff's application for a Certificate of Relief.

18. All documents, communications, and ESI evidencing the procedures relied upon for determining Plaintiff's application for a Certificate of Relief.

19. All documents, communications, and ESI evidencing training materials, policies, and procedures for fulfilling the duties and responsibilities of the individuals who processed, reviewed, considered and/or determined Plaintiff's application for a Certificate of Relief.

20. All documents, communications, and ESI evidencing the description of the duties and responsibilities of the individuals who processed, reviewed, considered and/or determined Plaintiff's application for a Certificate of Relief.

Dated: October 18, 2023
      Scarsdale, New York

      THE BELLANTONI LAW FIRM, PLLC
      *Attorneys for Plaintiff*

By: *Amy L. Bellantoni*
2 Overhill Road, Suite 400
Scarsdale, New York 10583
abell@bellantoni-law.com