**EXHIBIT 2**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ISAAC RICHEY,

                                                  *Plaintiff*,

            -against-

ANN MARIE T. SULLIVAN, MD, in her Individual and Official Capacity, NEW YORK STATE OFFICE OF MENTAL HEALTH, NEW YORK STATE OFFICE OF NICS APPEALS AND SAFE ACT, DOES 1-10 in their individual capacities,

                                                  *Defendants*.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

1:23CV0344

AMN/DJS

---

Defendants Ann Marie T. Sullivan, MD, in her individual and official capacity; New York State Office of Mental Health ("OMH"); and New York State Office of NICS Appeals and Safe Act ("NICS Office") (collectively, "Defendants"), by their attorney, Letitia James, Attorney General of the State of New York (Shannan C. Krasnokutski, of counsel), respond to Plaintiffs' First Notice to Produce ("Requests") served by Plaintiff, dated October 18, 2023, as follows:

### Responses to Requests

**REQUEST 1:** All documents, recordings, communications, and ESI, as defined above, concerning Plaintiff.

**Response**: Defendants object to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this litigation. Defendants further object to this Request to the extent it calls for information that may endanger the safety and security of any person, or calls for information subject to a public interest privilege. *See Darazs v. Dzurenda*, 2016

U.S. Dist. LEXIS 56979 (D. Conn. Apr. 29, 2016); *Delacruz v. Bennett*, 2006 U.S. Dist. LEXIS 31695 (W.D.N.Y. May 19, 2006); *Steering Comm. v. Port Auth. (In re World Trade Ctr. Bombing Litig.)*, 93 N.Y.2d 1 (1999).

Subject to and without waiver of the foregoing objections, *see* documents produced herewith as DEF001288-DEF001353.

**REQUEST 2:**  All documents, recordings, communications, and ESI, as defined above, relating to communications between and among the individually named defendants concerning Plaintiff.

**Response**:   Defendants object to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this litigation.  Defendants further object to this Request to the extent it calls for information that may endanger the safety and security of any person, or calls for information subject to a public interest privilege. *See Darazs v. Dzurenda*, 2016 U.S. Dist. LEXIS 56979 (D. Conn. Apr. 29, 2016); *Delacruz v. Bennett*, 2006 U.S. Dist. LEXIS 31695 (W.D.N.Y. May 19, 2006); *Steering Comm. v. Port Auth. (In re World Trade Ctr. Bombing Litig.)*, 93 N.Y.2d 1 (1999).

Subject to and without waiver of the foregoing objections, *see* documents produced herewith as DEF001288-DEF001353.

**REQUEST 3:**  All documents, recordings, communications, and ESI, as defined above, between and among Defendants and Samaritan concerning Plaintiff.

**Response**:   *See* documents previously produced as DEF000001-DEF001287; *see* documents attached hereto as DEF001345-DEF001353.  No further documents responsive to the within Request exist within the possession, custody, and/or control of Defendants.

**REQUEST 4:** All documents, recordings, communications, and ESI, as defined above, between and among Defendants and Jefferson County, New York concerning Plaintiff.

**Response**: Defendants object to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this litigation. Subject to and without waiver of the foregoing objections, no documents responsive to this Request exist within the possession, custody, and/or control of Defendants.

**REQUEST 5:** All documents, recordings, communications, and ESI, as defined above, concerning information in, transmitted through, and/or received by Defendants via the "SAFE Act portal."

**Response**: Defendants object to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this litigation. Further, insofar as New York SAFE Act reporting is irrelevant to Plaintiff's challenges under Federal law (18 U.S.C. § 922(g)) and/or relating to NICS reporting, any documents pertaining to SAFE Act reporting would have no conceivable relevance to this litigation. Subject to and without waiver of the foregoing objection, no documents responsive to this Request exist within the possession, custody, and/or control of Defendants.

**REQUEST 6:** All documents, recordings, communications, and ESI, as defined above, relating to any and all SAFE Act reports concerning Plaintiff.

**Response**: Defendants object to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this litigation. Further, insofar as New York SAFE Act reporting is irrelevant to Plaintiff's challenges under Federal law (18 U.S.C. § 922(g)) and/or relating to NICS reporting, any documents pertaining to SAFE Act reporting would have

3

no conceivable relevance to this litigation. Subject to and without waiver of the foregoing objection, no documents responsive to this Request exist within the possession, custody, and/or control of Defendants.

**REQUEST 7:** All documents, recordings, communications, and ESI, as defined above, concerning the criteria under which Defendants operate to ensure that the personal identifying information of non-disqualified individuals is not being maintained in the SAFE Act database and/or reported to NICS.

**Response**: Defendants object to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this litigation. Further, insofar as New York SAFE Act reporting is irrelevant to Plaintiff's challenges under Federal law (18 U.S.C. § 922(g)) and/or relating to NICS reporting, any documents pertaining to SAFE Act reporting would have no conceivable relevance to this litigation. The "criteria under which Defendants operate" are set forth in 18 U.S.C. §§ 922(d)(4) and (g)(4); the Federal NICS Improvement Act of 2007; New York Mental Hygiene Law §§ 7.09 and 9.39; 14 NYCRR Part 543, 14 NYCRR § 543.5; as well as 14 NYCRR, Chapter XIII. Subject to and without waiver of the foregoing objections, no documents responsive to this Request exist within the possession, custody, and/or control of Defendants.

**REQUEST 8:** All documents, recordings, communications, and ESI, as defined above, concerning the factors and criteria used to deny or grant an application for a Certificate of Relief from Firearm Disabilities.

**Response**: Defendants object to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this litigation. The "factors and criteria" used by Defendants to grant or deny an application for a Certificate of Relief are set forth in 18 U.S.C. §§ 922(d)(4) and (g)(4); the Federal NICS Improvement Act of 2007; New York Mental Hygiene

Law §§ 7.09 and 9.39; 14 NYCRR Part 543, 14 NYCRR § 543.5; as well as 14 NYCRR, Chapter XIII.  Subject to and without waiver of the foregoing objections, no documents responsive to this Request exist within the possession, custody, and/or control of Defendants.

**REQUEST 9:** All documents, recordings, communications, and ESI, as defined above, concerning the process for considering an application for a Certificate of Relief from Firearm Disabilities –from inception to determination.

**Response**:   Defendants object to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this litigation.  Further, the process for considering an application for a Certificate of Relief is set forth in 18 U.S.C. §§ 922(d)(4) and (g)(4); the Federal NICS Improvement Act of 2007; New York Mental Hygiene Law §§ 7.09 and 9.39; 14 NYCRR Part 543, 14 NYCRR § 543.5; as well as 14 NYCRR, Chapter XIII. Subject to and without waiver of the foregoing objections, *see* documents produced herewith as DEF001288-DEF001353.

**REQUEST 10:** All documents, recordings, communications, and ESI, as defined above, concerning the identity, educational background, and professional experience of the individuals who processed Plaintiff's application for a Certificate of Relief from Firearm Disabilities.

**Response**:   Defendants object to this Request because it is overly broad, unduly burdensome, not proportional to the needs of this litigation, and calls for personal, private, and confidential information of nonparties not relevant to the issues in this litigation.  Defendants further object to this Request to the extent it calls for information that may endanger the safety and security of any person, or calls for information subject to a public interest privilege.  *See Darazs v. Dzurenda*, 2016 U.S. Dist. LEXIS 56979 (D. Conn. Apr. 29, 2016); *Delacruz v. Bennett*, 2006 U.S. Dist. LEXIS 31695 (W.D.N.Y. May 19, 2006); *Steering Comm. v. Port Auth. (In re World*

5

*Trade Ctr. Bombing Litig.)*, 93 N.Y.2d 1 (1999).

**REQUEST 11:** All documents, recordings, communications, and ESI, as defined above, concerning the identity, educational background, and professional experience of the individuals who reviewed Plaintiff's application for a Certificate of Relief from Firearm Disabilities.

**Response**: Defendants object to this Request because it is overly broad, unduly burdensome, not proportional to the needs of this litigation, and calls for personal, private, and confidential information of nonparties not relevant to the issues in this litigation. Defendants further object to this Request to the extent it calls for information that may endanger the safety and security of any person, or calls for information subject to a public interest privilege. *See Darazs v. Dzurenda*, 2016 U.S. Dist. LEXIS 56979 (D. Conn. Apr. 29, 2016); *Delacruz v. Bennett*, 2006 U.S. Dist. LEXIS 31695 (W.D.N.Y. May 19, 2006); *Steering Comm. v. Port Auth. (In re World Trade Ctr. Bombing Litig.)*, 93 N.Y.2d 1 (1999).

**REQUEST 12:** All documents, recordings, communications, and ESI, as defined above, concerning the identity, educational background, and professional experience of the individuals who determined Plaintiff's application for a Certificate of Relief from Firearm Disabilities.

**Response**: Defendants object to this Request because it is overly broad, unduly burdensome, not proportional to the needs of this litigation, and calls for personal, private, and confidential information of nonparties not relevant to the issues in this litigation. Defendants further object to this Request to the extent it calls for information that may endanger the safety and security of any person, or calls for information subject to a public interest privilege. *See Darazs v. Dzurenda*, 2016 U.S. Dist. LEXIS 56979 (D. Conn. Apr. 29, 2016); *Delacruz v. Bennett*, 2006 U.S. Dist. LEXIS 31695 (W.D.N.Y. May 19, 2006); *Steering Comm. v. Port Auth. (In re World Trade Ctr. Bombing Litig.)*, 93 N.Y.2d 1 (1999).

**REQUEST 13:** All documents, recordings, communications, and ESI, as defined above, concerning the identify [sic], educational background, and experience, of the individual(s) who made the final determination of Plaintiff's application for a Certificate of Relief from Firearm Disabilities.

**Response**: Defendants object to this Request because it is overly broad, unduly burdensome, not proportional to the needs of this litigation, and calls for personal, private, and confidential information of nonparties not relevant to the issues in this litigation. Defendants further object to this Request to the extent it calls for information that may endanger the safety and security of any person, or calls for information subject to a public interest privilege. *See Darazs v. Dzurenda*, 2016 U.S. Dist. LEXIS 56979 (D. Conn. Apr. 29, 2016); *Delacruz v. Bennett*, 2006 U.S. Dist. LEXIS 31695 (W.D.N.Y. May 19, 2006); *Steering Comm. v. Port Auth. (In re World Trade Ctr. Bombing Litig.)*, 93 N.Y.2d 1 (1999).

**REQUEST 14:** All documents, recordings, communications, and ESI, as defined above, concerning information communicated to NICS regarding Plaintiff.

**Response**: Defendants object to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this litigation. Subject to and without waiver of the foregoing objection, *see* document produced herewith at DEF 001342.

**REQUEST 15:** All documents, recordings, communications, and ESI, as defined above, concerning information communicated to DCJS regarding Plaintiff.

**Response:** Defendants object to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this litigation. Subject to and without waiver of the foregoing objection, no documents responsive to this Request exist within the possession,

custody, and/or control of Defendants.

**REQUEST 16:**  All documents, communications, and ESI evidencing the practices, policies, and procedures of the SAFE Act Office relating to processing, reviewing, and/or determining applications for a Certificate of Relief.

**Response:**  Defendants object to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this litigation.  Further, insofar as New York SAFE Act reporting is irrelevant to Plaintiff's challenges under Federal law (18 U.S.C. § 922(g)) and/or relating to NICS reporting, any documents pertaining to SAFE Act reporting would have no conceivable relevance to this litigation.  Further, the "practices, policies and procedures" used by Defendants related to reviewing applications for Certificates of Relief are set forth in 18 U.S.C. §§ 922(d)(4) and (g)(4); the Federal NICS Improvement Act of 2007; New York Mental Hygiene Law §§ 7.09 and 9.39; 14 NYCRR Part 543, 14 NYCRR § 543.5; as well as 14 NYCRR, Chapter XIII.  Subject to and without waiver of the foregoing objections, no documents responsive to this Request exist within the possession, custody, and/or control of Defendants.

**REQUEST 17:**  All documents, communications, and ESI reviewed and/or considered by Defendants to determine Plaintiff's application for a Certificate of Relief.

**Response:**  *See* documents previously produced as DEF000001-DEF001287.

**REQUEST 18:**  All documents, communications, and ESI evidencing the procedures relied upon for determining Plaintiff's application for a Certificate of Relief.

**Response:** Defendants object to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this litigation.  The "procedures relied upon" by Defendants in reviewing applications for Certificates of Relief are set forth in 18 U.S.C. §§

8

922(d)(4) and (g)(4); the Federal NICS Improvement Act of 2007; New York Mental Hygiene Law §§ 7.09 and 9.39; 14 NYCRR Part 543, 14 NYCRR § 543.5; as well as 14 NYCRR, Chapter XIII.  Subject to and without waiver of the foregoing objections, *see* documents previously produced as DEF000001-DEF001287; *see also* documents produced herewith as DEF001288-DEF001353.

**REQUEST 19:** All documents, communications, and ESI evidencing training materials, policies, and procedures for fulfilling the duties and responsibilities of the individuals who processed, reviewed, considered and/or determined Plaintiff's application for a Certificate of Relief.

**Response:** Defendants object to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of this litigation.  Subject to and without waiver of the foregoing objections, no documents responsive to this Request exist within the possession, custody, and/or control of Defendants.

**REQUEST 20:**  All documents, communications, and ESI evidencing the description of the duties and responsibilities of the individuals who processed, reviewed, considered and/or determined Plaintiff's application for a Certificate of Relief.

**Response:** Defendants object to this Request because it is overly broad, unduly burdensome, not proportional to the needs of this litigation, and calls for personal, private, and confidential information of nonparties not relevant to the issues in this litigation.  Defendants further object to this Request to the extent it calls for information that may endanger the safety and security of any person, or calls for information subject to a public interest privilege. *See Darazs v. Dzurenda*, 2016 U.S. Dist. LEXIS 56979 (D. Conn. Apr. 29, 2016); *Delacruz v. Bennett*, 2006 U.S. Dist. LEXIS 31695 (W.D.N.Y. May 19, 2006); *Steering Comm. v. Port Auth. (In re World*

9

*Trade Ctr. Bombing Litig.)*, 93 N.Y.2d 1 (1999).

      Subject to and without waiver of the foregoing objections, no documents responsive to this Request exist within the possession, custody, and/or control of Defendants.

Dated: Albany, New York
       December 18, 2023

                LETITIA JAMES
                Attorney General
                State of New York
                Attorney for Defendant
                The Capitol
                Albany, New York  12224
                By: *s/ Shannan C. Krasnokutski*
                Shannan C. Krasnokutski
                Assistant Attorney General, of Counsel
                Telephone:     (518) 776-2606
                Fax:     (518) 915-7738 (Not for service of papers)
                Email: shannan.krasnokutski@ag.ny.gov

TO:    The Bellantoni Law Firm, PLLC
        *Attorneys for Plaintiff*
        Amy L. Bellantoni, Esq.
        2 Overhill Road, Suite 400
        Scarsdale, New York 10583
        Telephone: (914) 367-0090
        abell@bellantoni-law.com