UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ISAAC RICHEY,

                                                  *Plaintiff*,

            -against-                                1:23-cv-0344

ANN MARIE T. SULLIVAN, MD, in her Individual and         AMN/DJS
Official Capacity, NEW YORK STATE OFFICE OF
MENTAL HEALTH, NEW YORK STATE OFFICE OF
NICS APPEALS AND SAFE ACT, DOES 1-10 in their
individual capacities,

                                                 *Defendants*.

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (ECF NO. 31)

                                             LETITIA JAMES
                                             Attorney General of the State of New York
                                             Attorney for Defendants Ann Marie T. Sullivan,
                                                  MD, in her individual and official
                                                    capacity; New York State Office of
                                                    Mental Health; and New York State
                                                    Office of NICS Appeals and Safe Act
                                             The Capitol
                                             Albany, New York  12224-0341

Mark G. Mitchell
Assistant Attorney General, of Counsel
Bar Roll No. 516818
Telephone:  518-776-2583
Fax:  518-915-7738 (Not for service of papers)                    Date:  April 17, 2024

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY…………………………………..1

ARGUMENT…………………………………………………………………………………...2

PLAINTIFF'S MOTION SHOULD BE DENIED AS FUTILE…………………………............2

    A.    Background Regarding the Prohibition on Firearm Possession by Persons Involuntarily Committed to Mental Institutions................................................................3

    B.    The Proposed New Defendants are entitled to Quasi-Judicial Immunity............................6

    C.    The Proposed New Defendants are Entitled to Qualified Immunity..................................10

    D.    Plaintiff's Fourth Amendment Claim is Futile...................................................................13

    E.    Plaintiff's Due Process Claims are Futile and Untimely....................................................14

CONCLUSION………………………………………………………………………………..16

**PRELIMINARY STATEMENT**

In this action, Plaintiff Isaac Richey moves for leave to file an Amended Complaint. ECF No. 31. More specifically, Plaintiff seeks to add claims and allegations against three new defendants, Dr. Li-Wen Grace Lee, Carmen Barber, and Tony Trahan, each alleged to be a panel member for the "Certificate of Relief From Firearm Disabilities program of the SAFE ACT Office." (The "Panel Members") *See* Proposed Amended Complaint, ECF No. 31-6 ¶¶ 9, 13, 14. However, Plaintiff's proposed amendment is futile, because the Panel Members are protected by quasi-judicial immunity and qualified immunity. Meanwhile, Plaintiff's proposed Fourth Amendment claim is futile as against the Panel Members because he has not alleged their involvement in any unreasonable search or seizure. And Plaintiff's due process claims fail because he had entirely adequate remedies available to him, and because any such claim accrued outside the three-year § 1983 limitations period. Thus, Plaintiff's motion to amend should be denied except insofar as Plaintiff seeks to withdraw claims and requests for relief.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On January 28, 2019, Plaintiff was involuntarily admitted to Samaritan Medical Center, pursuant to N.Y. Mental Hygiene Law § 9.39 (emergency admission), after he expressed suicidal ideation in the context of worsening depression. *See* Determination on Plaintiff's application for a certificate of relief from disabilities, dated July 28, 2022 at p. 2; Complaint, ECF No. 1 ¶¶ 67-70. Plaintiff was discharged on February 5, 2019, with follow-up treatment scheduled. *See id*.

In November 2021, Plaintiff applied to the Office of NICS Appeals and SAFE Act seeking a certificate of relief from disabilities related to firearm possession. *See* Determination dated July 28, 2022 at p. 1; Complaint ¶¶ 87-88. By a written determination dated July 28, 2022, the Office of NICS Appeals and SAFE Act advised that, on the basis of a thorough review and analysis of the materials submitted and a subsequent investigation, Plaintiff's application was denied. *See*

1

Determination dated July 28, 2022 at p. 2; Complaint ¶ 92. Although Plaintiff could have commenced a CPLR Article 78 proceeding to review the July 2022 determination, Plaintiff did not do so.

Plaintiff alleges that on an unspecified date in 2022, he attempted to purchase a firearm. Complaint ¶ 81. Plaintiff alleges that his purchase was denied based on a background check through the National Instant Criminal Background Check System ("NICS"). *Id*. ¶¶ 13-14, 82. Plaintiff alleges that in September 2022, he was advised by the FBI that his firearm purchase was denied based on 18 U.S.C. § 922(g)(4), because he had been committed to a mental institution. *Id*. ¶ 83.

Plaintiff commenced this action in March 2023. ECF No. 1. Plaintiff now moves for leave to file an Amended Complaint. ECF No. 31. For the reasons set forth below, Plaintiff's motion should be denied except insofar as Plaintiff seeks to withdraw claims and requests for relief.

## ARGUMENT

## PLAINTIFF'S MOTION SHOULD BE DENIED AS FUTILE

Leave to amend should not be granted when amendment would be futile. *See Terry v. Incorporated Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). "An amended pleading is futile when, as a matter of law, the proposed complaint would not survive a Rule 12 motion, such as a Rule 12(b)(1) motion for lack of subject matter jurisdiction or a Rule 12(b)(6) motion for failure to state a claim." *White Plains Aviation Partners, LLC v. County of Westchester*, No. 21-CV-5312, 2022 WL 5110963, at *3 (S.D.N.Y. Oct. 4, 2022); *see generally Lucente v. IBM*, 310 F.3d 243, 258 (2d Cir. 2002). Likewise, a motion to supplement a pleading should be denied where the proposed claim could not withstand a motion to dismiss. *See American Bio Medica Corp. v. Bailey*, 341 F. Supp. 3d 142, 148 (N.D.N.Y. 2018). "A case is properly dismissed for lack of

2

subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Except insofar as Plaintiff seeks to withdraw claims and requests for relief, Plaintiff's motion for leave to file an Amended Complaint should be denied because that amendment would be futile.

### A. Background Regarding the Prohibition on Firearm Possession by Persons Involuntarily Committed to Mental Institutions

State and federal law provide for a system to ensure both that persons involuntarily committed to mental institutions are kept from possessing firearms, and to ensure that persons who have recovered from the illness that led to their commitment may regain their access. By applying the law and deciding applications from previously committed persons who seek to regain their ability to purchase or possess guns, the Panel Members play a critical adjudicative role in that system.

Under federal law, it is unlawful for any person "who has been committed to a mental institution" to possess, receive, or purchase a firearm. *See* 18 U.S.C. § 922(g)(4). "Committed to a mental institution" is defined as "[a] formal commitment of a person to a mental institution by a court, board, commission, or other lawful authority," which includes "commitment to a mental institution involuntarily," and "commitment for mental defectiveness or mental illness." 27 C.F.R. § 478.11; *see also* 14 N.Y.C.R.R. § 543.4(b). Neither the Complaint nor the proposed Amended Complaint challenges the constitutionality of these federal provisions, nor has Plaintiff filed a notice of constitutional question under Federal Rule of Civil Procedure 5.1(a)(1)(A).

N.Y. Mental Hygiene Law (MHL) § 9.39 "provides for the temporary involuntary commitment of persons to mental health facilities." *Olivier v. Robert L. Yeager Mental Health*

3

*Ctr.*, 398 F.3d 183, 188 (2d Cir. 2005). Commitment pursuant to § 9.39 is a formal commitment and therefore serves as a lawful valid basis for denying an individual the right to possess, receive, or purchase a firearm. *See Phelps v. Bosco*, 711 F. App'x 63, 65 (2d Cir. 2018). The Seventh Circuit has also analyzed New York law in ruling that a Wisconsin plaintiff's New York "commitment under § 9.39 is involuntary, regardless of the committed person's subjective intent," and that such a commitment lawfully prohibits a patient from subsequently possessing a firearm. *Escamilla v. United States*, 62 F.4th 367, 374-375 (7th Cir. 2023).

The New York Court of Appeals similarly recognized MHL § 9.39 as "an involuntary civil commitment." *See, e.g., Matter of George L.,* 85 N.Y.2d 295, 305 n.3 (1995). Courts throughout New York State have confirmed that MHL § 9.39 commitment is an involuntary commitment for the purposes of firearm dispossession. *See Matter of Colihan v. State of N.Y.,* 211 A.D.3d 1432, 1436 (3d Dep't 2022) ("We reject any claim that petitioner's Mental Hygiene Law § 9.39 admission was not an involuntary commitment within the meaning of federal law"); *Matter of Gardner v. Bassett Med. Ctr.,* 148 A.D.3d 1331, 1334 (3d Dep't 2017); *Tienken v. Benedictine Hosp.*, 110 A.D.3d 1389, 1390 (3d Dep't 2013); *Matter of Rueda v. Charmaine D.,* 76 A.D.3d 443, 445-446 (1st Dep't 2010), *aff'd*, 17 N.Y.3d 522 (2011); *Willoughby v. Mount Sinai Hosp.,* 68 A.D.3d 487, 487-488 (1st Dep't 2009).

To allow 18 U.S.C. § 922(g)(4) to be functional, the Commissioner of Mental Health is directed, pursuant to MHL § 7.09(j)(1), in cooperation with other state agencies, to transmit to NICS the names and nonclinical identifying information of individuals who have been involuntarily committed to a hospital pursuant to certain statutory authority, including under MHL § 9.39. Neither the Complaint nor the proposed Amended Complaint challenges the

4

constitutionality of Plaintiff's involuntary commitment pursuant to MHL § 9.39, nor has Plaintiff brought forth any claim against the hospital for reporting Plaintiff's commitment.

An involuntary commitment pursuant to MHL § 9.39 is not necessarily a permanent bar from possessing or purchasing firearms. An individual who has been involuntarily committed may receive relief from 18 U.S.C. § 922(g)(4)'s prohibition on firearm ownership if a proper federal or state authority has provided them a certificate of relief from disabilities that meets the requirements of the NICS Improvement Amendments Act of 2007, Public Law 110-180. Under New York law, OMH has promulgated regulations establishing a certificate of relief from disabilities process. *See* 14 N.Y.C.R.R. § 543.1(c). Certificates of relief are based upon a determination of whether the person's record and reputation are such that the person will not be likely to act in a manner dangerous to public safety and where granting the relief would not be contrary to the public interest. *See* 14 N.Y.C.R.R. § 543.1(d). 14 N.Y.C.R.R. § 543.5(b)(1) provides that "[t]he Commissioner or his/her designee(s) shall perform an administrative review of the request for relief, which shall consist of a review of all information submitted by the applicant that was required or requested by the Office, in accordance with paragraph (a)(3) of this section. The person(s) who conducts the review will not be the individual(s) who gathered the evidence for the administrative request for relief."

When a decision on a certificate of relief is made, "the Commissioner or his/her designee(s) shall prepare a written determination, which shall include:

(i) a summary of the information utilized in reaching the decision;

(ii) a summary of the applicant's criminal history (if any);

(iii) a summary of the psychiatric evaluation prepared to support the request for relief (if any);

(iv) a summary of the applicant's mental health history;

5

> (v) a summary of the circumstances surrounding the firearms disability imposed by 18 U.S.C. Sections 922 and (g)(4);
>
> (vi) an opinion as to whether or not the applicant's record and reputation are such that the applicant will or will not be likely to act in a manner dangerous to public safety and whether or not the granting of the relief would be contrary to the public interest; and
>
> (vii) a determination as to whether or not the relief is granted."

14 NYCRR § 543.5(c)(1). When a decision is made, OMH provides a copy of the written determination to the applicant without undue delay. *See* 14 N.Y.C.R.R. § 543.5(c)(2). In the event the certificate is denied, applicants are notified of their right to have the decision reviewed and advised that they can apply again one year after the date of the written determination. *See* 14 N.Y.C.R.R. § 543.5(c)(2)(ii).

### B.   The Proposed New Defendants are entitled to Quasi-Judicial Immunity

The proposed new defendants, Dr. Li-Wen Grace Lee, Carmen Barber, and Tony Trahan, are protected by absolute quasi-judicial immunity. *See Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020) (holding that claims against a judge were barred by absolute judicial immunity and therefore properly dismissed pursuant to Rule 12(b)(6)). Accordingly, Plaintiff's proposed amendment is futile.

The Second Circuit has long held that government officials, such as defendants in this action, who "'perform functions closely associated with the judicial process,' including 'prosecutors, administrative law judges and hearing examiners,' are entitled to absolute immunity for acts taken pursuant to their office." *Finn v. Anderson*, 592 F. App'x 16, 18-19 (2d Cir. 2014) (quoting *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988)). Judicial immunity extends to individuals in quasi-judicial roles. *See Roe v. Johnson*, 334 F. Supp. 2d 415, 423 (S.D.N.Y. 2004) (granting absolute immunity to individual members of Character and Fitness Committee tasked with

6

rendering decisions recommending approval, disapproval, or deferral of admittance to New York State bar).

Quasi-judicial roles include a wide range of positions that perform adjudicative functions, whether or not the role is part of the judiciary or affiliated with a court. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) (hearing examiners and administrative law judges); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (parole board officials); *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988) (law clerks); *Palmer v. Buscemi*, No. CIV. 05-10094, 2007 WL 2903203, at *5 (E.D. Mich. Sept. 30, 2007) (family court judges and family court referees); *Myer v. Backus*, No. 2:06-CV-229, 2007 WL 2908307, at *5-6 (D. Vt. Oct. 2, 2007) (board of pharmacy members, consisting of licensed pharmacists and members of the public, authorized to issue, renew, or suspend licenses to engage in the practice of pharmacy); *Horwitz v. State Bd. of Med. Examiners of State of Colo.*, 822 F.2d 1508, 1515 (10th Cir. 1987) (medical board members serving in adjudicative role). When governmental officials are tasked with reviewing evidence, weighing public interest, and adjudicating individual rights, in a manner closely associated with judicial or adjudicatory process, they must be granted absolute immunity. Notably, decisions related to firearm licensing are immune to suit under the doctrine of judicial immunity. *See Kellogg v. Nichols*, No. 1:23-CV-658, 2023 WL 8046892, at *2-3 (N.D.N.Y. Nov. 21, 2023)*; Trello v. McKeighan,* 624 F. Supp. 3d 150, 155-156 (N.D.N.Y. 2022); *Paulk v. Kearns,* 596 F. Supp. 3d 491, 496-497 (W.D.N.Y. 2022); *Johnson-El v. DeProspo*, No. 1:20-CV-2878, 2020 WL 5350487, at *4-5 (S.D.N.Y. Sept. 3, 2020); *Aron v. Becker*, 48 F. Supp. 3d 347, 365 (N.D.N.Y. 2014) (Under New York State law, the "determination of a pistol permit application … is a function necessarily performed by a judicial officer.").

7

The determination of whether an official is entitled to absolute immunity must be based on a functional approach that looks to the particular acts or responsibilities the individual performs. *See King v. Simpson*, 189 F.3d 284, 287-288 (2d Cir. 1999). The proposed Amended Complaint alleges that "the defendant Panel Members reviewed, considered, and made the final determination" to deny Plaintiff's application. ECF No. 31-6 ¶ 12. The July 28, 2022 written determination shows that they thoughtfully and carefully reviewed significant evidence including a DCJS fingerprint response summary, medical records from four healthcare providers, and six letters of reference. It is abundantly clear that the panel members are charged with the authority of adjudicating final determinations, which is "'functional[ly] comparab[le]' to those of judges—that is, because they, too, 'exercise a discretionary judgment' as a part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976)). "[T]he function of resolving disputes between parties, or of authoritatively adjudicating private rights" is entitled to protection by judicial immunity. *Antoine*, 508 U.S. at 435-436 (citing *Burns v. Reed,* 500 U.S. 478, 500 (1991)).

The Court may also take judicial notice of the regulations which establish the certificate of relief from disabilities process at 14 N.Y.C.R.R. § 543.1 to understand the quasi-judicial role OMH officials play. *See Dawkins v. Biondi Educational Center*, 164 F. Supp.3d 518, 526 n.2 (S.D.N.Y. 2016). Regulations require OMH officials to make a determination of whether the person's record and reputation are such that the person will not be likely to act in a manner dangerous to public safety and where granting the relief would not be contrary to the public interest. *See* 14 N.Y.C.R.R. § 543.1(d). The policies underlying the grant of absolute judicial immunity—enabling cases to be decided without fear of adverse consequences and baseless suits—are implicated when an official performs a discretionary, adjudicatory function. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir.

1999). For this reason, "[a]bsolute immunity flows not from rank or title or location within the Government, but from the nature of the responsibilities of the individual official." *Cleavinger*, 474 U.S. at 201 (internal quotation marks and citation omitted).

OMH has established a process for requesting relief. *See* 14 N.Y.C.R.R. § 543.5. Requests for relief must include, among other things, information regarding: the applicant's criminal history, history of domestic violence, immigration status, mental disability and past commitment to a mental institution. *Id.* Applicants must also provide psychiatric evaluations, medical records, and may be required to undergo a clinical evaluation and risk assessment. *Id.* After review of the application, the Commissioner or the Commissioner's designee(s) prepares a written determination which includes: (i) a summary of the information utilized in reaching the decision; (ii) a summary of the applicant's criminal history (if any); (iii) a summary of the psychiatric evaluation prepared to support the request for relief (if any); (iv) a summary of the applicant's mental health history; (v) a summary of the circumstances surrounding the firearms disability imposed by 18 U.S.C. section 922(d)(4) and (g)(4); (vi) an opinion as to whether or not the applicant's record and reputation are such that the applicant will or will not be likely to act in a manner dangerous to public safety and whether or not the granting of the relief would be contrary to the public interest; and (vii) a determination as to whether or not the relief is granted. *Id.* The officials adjudicating certificate of relief from firearm disability applications are unquestionably performing a discretionary, adjudicatory function.

The Supreme Court's recent decision in *Bruen* did not displace the body of law on judicial immunity. Although *Bruen* abrogated the means-ends constitutional scrutiny previously used to evaluate Second Amendment claims, *see* 597 U.S. at 19 n.4, it did not address judicial immunity or contradict the bedrock cases establishing "whether a particular proceeding before another

9

tribunal was truly judicial." *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 124 (2d Cir. 2020) (quoting *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 n.13 (1983)); *see also Bruen*, 597 U.S. at 71-72 (Alito, J., concurring). Federal courts both before and after *Bruen* have consistently held that plaintiffs cannot use a federal § 1983 action to sue a state official whose quasi-judicial licensing decision they disagree with. *See, e.g., Kellogg*, 2023 WL 8046892, at *2-3; *Trello*, 624 F. Supp. 3d at 155-156; *Paulk*, 596 F. Supp. 3d at 496-497; *see also Aron*, 48 F. Supp. 3d at 365. This Court should reach the same result.

Defendants entitled to quasi-judicial immunity only lose that privilege if they act "in the clear absence of all jurisdiction." *Finn v. Anderson,* 592 F. App'x 16, 19 (2d Cir. 2014). Plaintiff fails to allege any facts that suggest that the "panel member" defendants acted in the absence of their jurisdiction. *See Otrompke v. First Dep't Comm. on Character & Fitness*, No. 22-CV-4676, 2023 WL 7399840, at *8 (S.D.N.Y. Nov. 8, 2023) (dismissing action on judicial immunity grounds for failing to establish defendant's actions occurred in the clear absence of jurisdiction), *adopted as modified*, 2024 WL 1235601 (S.D.N.Y. Mar. 22, 2024). As such, Plaintiff's claims against the proposed defendants Dr. Lee, Barber, and Trahan, in their individual capacities, are futile, as all actions taken by them occurred while performing a quasi-judicial function as "Panel Member[s]" for the Certificate of Relief from Firearms Disabilities program of the SAFE Act Office. ECF No. 31-6 ¶¶ 9-14.

## C. The Proposed New Defendants are Entitled to Qualified Immunity

Alternatively, Plaintiff's motion to amend should be denied because the Panel Members are protected by qualified immunity. The doctrine of qualified immunity protects the defendants in this action "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

10

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Supreme Court has made clear that the qualified immunity doctrine was made to ensure that insubstantial claims against government officials are resolved prior to discovery. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right. *Id.* Qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. *See Butz v. Economou*, 438 U.S. 478, 507 (1978) (for the proposition that qualified immunity covers an administrative law judge's "mere mistakes in judgment, whether the mistake is one of fact or one of law").

To determine whether Defendants are entitled to qualified immunity, the Court may consider: (1) whether the facts presented "make out a violation of a constitutional right"; and (2) whether the right at issue was "clearly established" when it was allegedly violated. *Taravella v. Town of Wolcott*, 599 F.3d 129, 133 (2d Cir. 2010). In the instant case, Plaintiff failed to plead facts that satisfy the first or second prongs. As to the first prong, the proposed Amended Complaint fails to articulate how denying a certificate of relief from disabilities based on an individual's prior involuntary commitment violates a constitutional right. As to the second prong, the proposed Amended Complaint fails to identify any precedent that establishes that Plaintiff has a clearly established right to a certificate of relief from disabilities despite his history of mental illness and prior involuntary commitment pursuant to MHL § 9.39 as required to overcome a state actor's qualified immunity. *See Torcivia v. Suffolk County*, 17 F.4th 342, 367 (2d Cir 2021).

There is absolutely no established United States Supreme Court or Second Circuit law establishing that a denial of a certificate of a relief from disabilities violates the Second Amendment. *Bruen* does not create a clearly established right to a certificate of relief from

11

disabilities, nor did it even touch on the state-federal process for disqualification of persons involuntarily committed to mental facilities, and the concurrences to *Bruen* emphasized that the Court's previous holdings on the subject of guns and the mentally ill remain good law. *See Heller*, 554 U.S. at 626-627 & n.26; *see also Bruen*, 597 U.S. at 72 (Alito, J., concurring) ("[n]or have we disturbed anything that we said in *Heller* or *McDonald* … about restrictions that may be imposed on the possession or carrying of guns"); *id.* at 81 (Kavanaugh, J., joined by Roberts, C.J., concurring) (recognizing the constitutionality of "longstanding prohibitions on the possession of firearms by … the mentally ill"). Rather, *Bruen* addressed whether individuals requesting a permit to carry handguns publicly for their self-defense need to show "proper cause" or an atypical need for armed self-defense. *Bruen*, 597 U.S. at 9-11. *Bruen* invalidated New York's "proper cause" requirement; it did not invalidate other concealed-carry eligibility criteria under New York law related to age, moral character, past felony convictions, prior dishonorable discharge, or history of involuntary commitments to a mental hygiene facility. *Bruen*, 597 U.S. at 71, 94. This action does not involve a concealed-carry permit application.

The Supreme Court's earlier decision in *Heller* likewise cannot serve as the basis for establishing Plaintiff's right to a certificate of relief from disabilities. While in that case the Supreme Court of the United States held that the Second Amendment protects "the right of law-abiding, responsible citizens to use arms in defense of hearth and home" (*Heller,* 554 U.S. at 635), that decision also stated that "[l]ike most rights, the right secured by the Second Amendment is not unlimited" and the Court's "opinion should [not] be taken to cast doubt on longstanding prohibitions on the possession of firearms by … the mentally ill" (*id.* at 626). The decision goes on to describe laws directed at prohibiting possession by the mentally ill as "presumptively lawful regulatory measures." *Id.* at 627 n.26.

Here, Plaintiff's proposed Amended Complaint fails to support a violation of any clearly established right. As such, Plaintiff's motion for leave to amend should be denied as futile.

### D.  Plaintiff's Fourth Amendment Claim is Futile

In the Second Cause of Action, Plaintiff apparently wishes to add a claim that the Panel Members violated Plaintiff's "Fourth Amendment rights for failing to train, supervise, monitor, and discipline." ECF No. 31-6 ¶¶ 134-135. That amendment should be denied as futile.

"An amendment to a pleading [is] futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)," or would be subject to dismissal on some other basis. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *see also Murray v. Tanea*, 357 F. Supp. 3d 226, 232 (W.D.N.Y. 2019); *Bryant v. Steele*, 64 F. Supp. 3d 441, 444 (E.D.N.Y. 2014); *Clark v. Dominique*, 798 F. Supp. 2d 390, 408, n.31 (N.D.N.Y. 2011). Likewise, a motion to supplement a pleading should be denied where the proposed claim could not withstand a motion to dismiss. *See American Bio Medica Corp. v. Bailey*, 341 F. Supp. 3d 142, 148 (N.D.N.Y. 2018). Under Rule 12(b)(6), to survive a motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (internal quotation marks and some alterations omitted). A plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient to raise a

13

right to relief above the speculative level." *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (internal quotation marks omitted).

"The Fourth Amendment prohibits 'unreasonable searches and seizures.'" *Spinelli v. City of New York*, 579 F.3d 160, 167 (2d Cir. 2009) (quoting U.S. Const. amend. IV). However, the proposed Amended Complaint is devoid of any factual allegations supporting a plausible Fourth Amendment claim against the Panel Members. Accordingly, Plaintiff's proposed amendment should be denied as futile. *See Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020) (observing that the plaintiff had to establish that the defendant violated the plaintiff's federal rights "by [her] own conduct, not by reason of [her] supervision of others"); *Banks v. Annucci*, 48 F. Supp. 3d 394, 418-420 (N.D.N.Y. 2014) (dismissing claim against superintendent alleging that he failed to properly select, hire, and train staff members).

### E.     Plaintiff's Due Process Claims are Futile and Untimely

Plaintiff's Third and Fourth Causes of Action, alleging due process violations against Dr. Li-Wen Grace Lee, Carmen Barber, and Tony Trahan, are also futile. The issue of whether or not Plaintiff was improperly categorized as a prohibited firearms purchaser can be remedied in a properly pled Article 78 proceeding. *See* MHL § 7.09(j)(2) ("The denial of a petition for relief from disabilities may be reviewed de novo pursuant to the proceedings under article seventy-eight of the civil practice law and rules."); 14 N.Y.C.R.R. § 543.5(2)-(6); *O'Brien v. Yugartis*, 54 F. Supp. 3d 186, 193 (N.D.N.Y. 2014). As such, Plaintiff's due process claims are futile, because his right to a post-certificate of relief denial proceeding under Article 78 is "a wholly adequate post-deprivation hearing for due process purposes." *Leary v. Civil Serv. Empls. Ass'n Region 3*, 516 F. App'x. 42, 43 (2d Cir. 2013) (quoting *Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001)).

14

Contrary to Plaintiff's view, he cannot manufacture a due process claim by failing to use the state procedures that were available to him. *See Trello v. McKeighan*, 624 F. Supp. 3d 150, 159 (N.D.N.Y. 2022) (observing that "Plaintiffs cannot now allege a deprivation of their procedural due process rights when they did not utilize the due process procedures that were afforded to them"). It is well settled law in this Circuit that an Article 78 proceeding provides the proper post-deprivation process, even in situations where the plaintiff fails to pursue it. *See Houston v. Nassau Cnty. Police Dep't*, No. 20-CV-5253, 2020 WL 7643132, at *3 (E.D.N.Y. Dec. 23, 2020) (holding that where an individual's request for a certificate of relief from disabilities is denied, the individual "may seek review in state court pursuant to Article 78 of the [CPLR, which] provides the requisite post-deprivation process—even if a plaintiff failed to pursue it" (internal quotation marks omitted)); *Montalbano v. Port Auth. of New York & New Jersey*, 843 F. Supp. 2d 473, 485 (S.D.N.Y. 2012); *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 121 (2d Cir. 2011); *Johnson-El ex rel. Johnson v. DeProspo*, No. 19-CV-8426, 2019 WL 6311882, at *4 (S.D.N.Y. Nov. 22, 2019) ("Courts have held that a proceeding under Article 78 of the New York Civil Practice Law and Rules is an adequate remedy to challenge decisions with respect to firearms licenses."). Nothing prohibited Plaintiff from seeking to properly remedy his claims pursuant to an Article 78 proceeding. *See Kern v. Joyce*, 857 F. App'x 691, 693 (2d Cir. 2021) (where court found that constitutional claims were cognizable in an Article 78 proceeding); *Locurto*, 264 F.3d at 174 ("An Article 78 proceeding permits a petitioner to submit affidavits and other written evidence, and where a material issue of fact is raised, have a trial of the disputed issue, including constitutional claims."); *see also Pascazi v. Rivera*, No. 13-CV-9029, 2015 WL 5783944, at *1 (S.D.N.Y. Oct. 1, 2015).

Any challenge related to the Certificate of Relief from Disabilities process on due process grounds must also fail on the merits, because District Courts in New York have routinely held that the process, including Article 78 review, satisfies the Due Process clause. *See Moussa v. Sullivan*, No. 22-CV-3709, 2022 WL 2906177, at *3 (E.D.N.Y. July 22, 2022).

Moreover, Plaintiff's claims alleging that the Panel Members failed to provide Plaintiff with an opportunity to be heard are untimely. ECF No. 31-6 at pp. 5, 20. "In New York, the statute of limitations for Section 1983 claims is New York's general statute of limitations for personal injury actions, N.Y. C.P.L.R. § 214(5), which is three years." *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023). The instant case was filed on March 17, 2023. ECF No. 1. Plaintiff concedes that he was admitted to Samaritan Hospital on January 28, 2019, and discharged on February 5, 2019. ECF No. 31-6 ¶¶ 82-85. Events occurring in January and February 2019 fall well beyond the statute of limitations for a § 1983 claim.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion should be denied except insofar as it requests to withdraw claims and requests for relief.

Dated: Albany, New York
April 17, 2024

      LETITIA JAMES
      Attorney General of the State of New York
      Attorney for Defendants Ann Marie T. Sullivan, MD, in her individual and official capacity; New York State Office of Mental Health; and New York State Office of NICS Appeals and Safe Act
      The Capitol
      Albany, New York 12224-0341

By: *Mark G. Mitchell*
Mark G. Mitchell
Assistant Attorney General, of Counsel
Bar Roll No. 516818
Telephone: 518-776-2583
Fax: 518-915-7738 (Not for service of papers)
Email: mark.mitchell@ag.ny.gov

To:    The Bellantoni Law Firm, PLLC
       Attorneys for Plaintiff
       Amy L. Bellantoni, Esq.
       2 Overhill Road, Suite 400
       Scarsdale, New York 10583