UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ISAAC RICHEY,

                        *Plaintiff*,

-against-                                     1:23-cv-0344

ANN MARIE T. SULLIVAN, MD, in her Individual and     AMN/DJS
Official Capacity, NEW YORK STATE OFFICE OF
MENTAL HEALTH, NEW YORK STATE OFFICE OF
NICS APPEALS AND SAFE ACT, LI-WEN GRACE LEE,
M.D., Individually, CARMEN BARBER, Individually,
TONY TRAHAN, Individually, DOES 1-5 in their individual
capacities,

                        *Defendants*.

---

### MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF THE MOTION TO DISMISS

                                            LETITIA JAMES
                                            Attorney General of the State of New York
                                            Attorney for Defendants Ann Marie T. Sullivan, MD, in her individual and official capacity; New York State Office of Mental Health; New York State Office of NICS Appeals and SAFE Act; Li-Wen Grace Lee, M.D.; Carmen Barber; and Tony Trahan
                                            The Capitol
                                            Albany, New York  12224-0341

Mark G. Mitchell
Assistant Attorney General, of Counsel
Bar Roll No. 516818
Telephone:  518-776-2583
Fax:  518-915-7738 (Not for service of papers)           Date:  November 1, 2024

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    POINT I: PLAINTIFF'S CLAIMS AGAINST THE NEW YORK STATE OFFICE OF MENTAL HEALTH AND THE NEW YORK STATE OFFICE OF NICS APPEALS AND SAFE ACT MUST BE DISMISSED REGARDLESS OF THE RELIEF SOUGHT ........................................................ 1

    POINT II: THE SECOND AMENDMENT CLAIMS AGAINST COMMISSIONER SULLIVAN AND THE PANEL MEMBERS, IN THEIR INDIVIDUAL CAPACITIES, SHOULD BE DISMISSED BASED ON QUASI-JUDICIAL IMMUNITY AND QUALIFIED IMMUNITY ................................................................................................ 2

        A.    The Commissioner and The Panel Members are Entitled to Quasi-Judicial Immunity ............................................................................................ 2

        B.    The Commissioner and The Panel Members are Entitled to Qualified Immunity ............................................................................................ 4

    POINT III: PLAINTIFF'S CLAIMS AGAINST THE COMMISSIONER IN HER OFFICIAL CAPACITY SHOULD BE DISMISSED ........................................... 6

    POINT IV: PLAINTIFF'S FOURTH AMENDMENT CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM .......................................... 8

    POINT V: PLAINTIFF'S DUE PROCESS CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM AND AS UNTIMELY ........................... 9

    POINT VI: THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE ............................................................................................... 10

CONCLUSION ............................................................................................................................ 10

## PRELIMINARY STATEMENT

Defendants Ann Marie T. Sullivan, M.D., the New York State Office of Mental Health ("OMH"), the New York State Office of NICS Appeals and SAFE Act, Li-Wen Grace Lee, M.D., Carmen Barber, and Tony Trahan respectfully submit this brief reply to Plaintiff's opposition papers to their motion to dismiss. ECF No. 50. First, Plaintiff concedes that all claims against OMH and the New York State Office of NICS Appeals and SAFE Act should be dismissed. Second, Plaintiff's claims against Commissioner Sullivan and the Panel Members, in their individual capacities, should be dismissed based on quasi-judicial immunity and qualified immunity. Third, Plaintiff's claims against Commissioner Sullivan in her official capacity should be dismissed. Fourth, Plaintiff's Fourth Amendment claim fails to state a claim because Plaintiff has not alleged Defendants' involvement in any unreasonable search or seizure. Fifth, Plaintiff's due process claims fail to state a claim because Plaintiff had entirely adequate remedies available to him, and because any such claim accrued outside the three-year Section 1983 limitations period. Finally, the Amended Complaint should be dismissed with prejudice because further repleading would be futile.

## ARGUMENT

### POINT I

**PLAINTIFF'S CLAIMS AGAINST THE NEW YORK STATE OFFICE OF MENTAL HEALTH AND THE NEW YORK STATE OFFICE OF NICS APPEALS AND SAFE ACT MUST BE DISMISSED REGARDLESS OF THE RELIEF SOUGHT**

In his Memorandum of Law in opposition to the motion to dismiss, Plaintiff advised that he does not oppose dismissal of the claims against Defendants OMH and the New York State Office of NICS Appeals and SAFE Act. ECF No. 50 at p. 12 n.5. Accordingly, all claims against Defendants OMH and the New York State Office of NICS Appeals and SAFE Act should be dismissed.

1

## POINT II

### THE SECOND AMENDMENT CLAIMS AGAINST COMMISSIONER SULLIVAN AND THE PANEL MEMBERS, IN THEIR INDIVIDUAL CAPACITIES, SHOULD BE DISMISSED BASED ON QUASI-JUDICIAL IMMUNITY AND QUALIFIED IMMUNITY

**A.    The Commissioner and The Panel Members are Entitled to Quasi-Judicial Immunity**

The determination of whether an official is entitled to absolute immunity must be based on a functional approach that looks to the particular acts or responsibilities the individual performs. *See King v. Simpson*, 189 F.3d 284, 287-288 (2d Cir. 1999). More specifically, the Court should consider the following factors which are characteristic of the judicial process: "(a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal." *Cleavinger v. Saxner*, 474 U.S. 193, 202 (1985); *see also Peoples v. Leon*, 63 F.4th 132, 138 (2d Cir. 2023) (observing that those factors are "a non-exhaustive set of factors characteristic of the judicial process which may be considered when determining whether absolute immunity applies"). A consideration of those factors demonstrates that the Commissioner and the Panel Members are entitled to absolute quasi-judicial immunity.

First, for factor (a), it is critical that panel members reviewing applications for a certificate of relief from disabilities be free from harassment or intimidation, inasmuch as the panel members are adjudicating requests from individuals with histories of mental illness who wish to obtain firearms. Second, there are extensive safeguards and procedures laid out in 14 NYCRR § 543.5, an opportunity to have the decision reviewed in a proceeding pursuant to CPLR Article 78, and

2

the opportunity to reapply within one year, all of which demonstrates that factors (b) and (f) favor granting absolute immunity. Pursuant to MHL § 7.09(j)(2), "[t]he denial of a petition for relief from disabilities may be reviewed de novo pursuant to the proceedings under article seventy-eight of the civil practice law and rules."

Third, the insulation from political influence factor also weighs in favor of granting absolute quasi-judicial immunity. Defendant Li-Wen Grace Lee, M.D., is a psychiatrist. Amended Complaint ¶ 9. The panel members, as outlined in 14 NYCRR § 543.5, review important information related to the applicant's criminal history, mental health history, prior substance abuse, and history of restraining orders and domestic violence. In addition, the regulations require that the person adjudicating the request cannot be the same person who investigates the case. *See* 14 NYCRR § 543.5(b)(1). This demonstrates a recognition that the independence of the panel members is crucial to their functioning.

Fourth, as to factors (d) and (e), while the certificate of relief process is not wholly adversarial or precedential, in the sense of a court proceeding, it has been deemed to satisfy the due process clause. *See Moussa v. Sullivan*, No. 22-CV-3709, 2022 WL 2906177, at *3 (E.D.N.Y. July 22, 2022). Moreover, individuals have an opportunity to present evidence and submit documentation in support of their application for a certificate. *See* 14 NYCRR § 543.5(a)(3). OMH also has the right to "request that the applicant undergo a clinical evaluation and risk assessment as determined by the Commissioner or his/her designee(s)." 14 NYCRR § 543.5(a)(5).

As such, Plaintiff's claims against Commissioner Sullivan, Dr. Lee, Barber, and Trahan, in their individual capacities, are barred by quasi-judicial immunity, as their challenged actions in this case occurred while performing a quasi-judicial function in adjudicating Plaintiff's application for a certificate of relief from disabilities related to firearm possession.

### B. The Commissioner and The Panel Members are Entitled to Qualified Immunity

Alternatively, Plaintiff's claims against the Commissioner and the Panel Members, in their individual capacities, should be dismissed based on qualified immunity. Where, as here, Plaintiff fails to articulate how Defendants' actions or inactions violate clearly established law, Defendants are entitled to dismissal at the pleading stage. *See Vasquez v. Maloney*, 990 F.3d 232, 238 n.5 (2d Cir. 2021) ("At the pleading stage, the plaintiff must plausibly allege that the defendants violated clearly established law.") (*citing Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

The dispositive question related to qualified immunity is whether the denial of Plaintiff's application for a certificate of relief from disabilities related to firearm possession following Plaintiff's prior involuntary MHL § 9.39 commitment constitutes a violation of clearly established law. "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what [the official] is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Bacon v. Phelps*, 961 F.3d 533, 545 (2d Cir. 2020) (internal citations and quotation marks omitted).

Plaintiff fails to point to any clear precedent in support of his position. Rather, Plaintiff asserts that he has a Second Amendment right to possess arms. ECF No. 50 at p. 28 (*citing New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022)). But this case is not about the existence of an individual right to bear arms, but rather about whether the Commissioner and Panel Members "disregard[ed] the fact that Plaintiff was not involuntarily committed," based on Plaintiff's theory that a commitment under MHL § 9.39 is not "involuntary." Amended Complaint, ECF No. 39, ¶¶ 50, 116. Plaintiff cited no law in support of that proposition—particularly no law that would "have placed the statutory or constitutional question beyond debate.'" *Bacon*, 961 F.3d

at 545 (internal quotation marks omitted). On the contrary, the law that exists is contrary to Plaintiff's position.

In *Phelps v. Bosco*, 711 F. App'x 63 (2d Cir. 2018) (summary order), the Second Circuit upheld the firearm prohibition for those who have been committed to a mental institution, referred to MHL § 9.39 as an involuntary civil commitment, and acknowledged that a constitutional challenge "would present complex issues." 711 F. App'x at 65 (*citing Tyler v. Hillsdale County Sheriff's Department*, 837 F.3d 678 (6th Cir. 2016) (an *en banc* decision considering an as-applied challenge to Section 922(g)(4) in which eight separate opinions were filed)). Such complex issues fail to meet the requirement of "plac[ing] the statutory or constitutional question beyond debate." *Bacon*, 961 F.3d at 545 (internal quotation marks omitted); *see also Liberian Cmty. Ass'n of Connecticut v. Lamont*, 970 F.3d 174, 191 (2d Cir. 2020) (observing that "[i]t is unfair to subject such officials to damages liability when even judges disagree." (internal quotation marks and alteration omitted)).

"The Supreme Court repeatedly has instructed that courts must not define clearly established law at 'a high level of generality.'" *Bacon*, 961 F.3d at 545 (collecting cases). Instead, "[t]he 'clearly established' standard [] requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before [the officer]." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). Here, Plaintiff "cites no authority, extant at the time of the incident, sufficiently analogous to the specific facts of this case to have required a reasonable officer to reach a contrary conclusion." *Kaminsky v. Schriro*, 760 F. App'x 69, 73 (2d Cir. 2019).

Moreover, as demonstrated in Defendants' principal Memorandum of Law, multiple federal and state appellate courts have ruled that a commitment pursuant to MHL § 9.39 is a formal commitment and therefore serves as a lawful valid basis for denying an individual the right to

5

possess, receive, or purchase a firearm.  ECF No. 45-2 at pp. 7-8, 20.  Plaintiff can only succeed in his individual-capacity claims for money damages if his right to bear arms after a MHL § 9.39 commitment "was clearly established at the time of the challenged conduct." *Bacon*, 961 F.3d at 542 (internal quotation marks omitted).  Inasmuch as a commitment pursuant to MHL § 9.39 has been interpreted as a constitutional, lawful prohibition on firearm possession by multiple state and federal appellate courts, both before and after *Bruen*, the Commissioner and the Panel Members are entitled to qualified immunity as a matter of law.  In sum, Plaintiff's claims against the Commissioner and the Panel Members, in their individual capacities, should be dismissed.

## POINT III

### PLAINTIFF'S CLAIMS AGAINST THE COMMISSIONER IN HER OFFICIAL CAPACITY SHOULD BE DISMISSED

In their principal Memorandum of Law, Defendants demonstrated that Plaintiff's claims against the Commissioner in her official capacity should be dismissed based on absolute quasi-judicial immunity and because the Commissioner lacks the authority to grant the relief requested by Plaintiff.  ECF No. 45-2 at **Points II** and **III**.  In opposition to Defendants' motion to dismiss, Plaintiff principally argues that OMH should not have reported Plaintiff's MHL § 9.39 admission to the NICS because a MHL § 9.39 admission does not include a finding of dangerousness.  ECF No. 50 at pp. 12-16.  Plaintiff is mistaken.  As the Second Circuit has observed, "Section 9.39 creates a procedure to admit an individual into a hospital against her will when her mental illness presents a serious danger to herself or others." *Phelps*, 711 F. App'x at 64.  "Section 9.39 requires not only that the individual be 'alleged to have a mental illness for which immediate observation, care, and treatment in a hospital is appropriate,' but also, consistent with substantive due process, that the patient's alleged mental illness be 'likely to result in serious harm to himself or others.'" *Rodriguez v. City of New York*, 72 F.3d 1051, 1062 (2d Cir. 1995) (*quoting* MHL § 9.39(a)).

Section 9.39 provides that "[t]he director shall admit such person pursuant to the provisions of this section only if a staff physician of the hospital upon examination of such person finds that such person qualifies under the requirements of this section", and that "[s]uch person shall not be retained for a period of more than forty-eight hours unless within such period such finding is confirmed after examination by another physician who shall be a member of the psychiatric staff of the hospital." MHL § 9.39(a); *see also* Determination dated July 28, 2022 at p. 2, ECF No. 46 (noting that Plaintiff was retained for eight days). "Likelihood to result in serious harm," as used in Section 9.39, means:

> 1. substantial risk of physical harm to himself as manifested by threats of or attempts at suicide or serious bodily harm or other conduct demonstrating that he is dangerous to himself, or
>
> 2. a substantial risk of physical harm to other persons as manifested by homicidal or other violent behavior by which others are placed in reasonable fear of serious physical harm.

MHL § 9.39(a). As the Second Circuit held, "[t]hat is exactly the sort of determination that a federal statute should include in its definition of 'commitment' insofar as it is concerned with preventing firearms from getting into the hands of those whose mental illness might lead them to commit acts of violence. And it is the sort of process that ensures the determination is not arbitrary." *Phelps*, 711 F. App'x at 65.

The Amended Complaint does not challenge the constitutionality of 18 U.S.C. § 922(g)(4) or the NICS, nor has Plaintiff filed a notice of constitutional question under Federal Rule of Civil Procedure 5.1(a)(1)(A). Further, the Amended Complaint does not challenge the constitutionality of Plaintiff's involuntary commitment pursuant to MHL § 9.39, nor has Plaintiff brought forth any claim against the hospital for reporting Plaintiff's commitment. To the extent that Plaintiff believes that the hospital classified his commitment incorrectly, "such fact would be the result of

error in medical judgment, as opposed to any defect in the provisions of MHL Article 9." *Montgomery v. Cuomo*, 291 F. Supp. 3d 303, 355 (W.D.N.Y. 2018).

Finally, Plaintiff does dispute that his claims seeking money damages and other retrospective relief against Commissioner Sullivan in her official capacity are barred by Eleventh Amendment immunity. In sum, Plaintiff's claims against Commissioner Sullivan in her official capacity should be dismissed.

## POINT IV

### PLAINTIFF'S FOURTH AMENDMENT CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Plaintiff's Second Cause of Action fails to state a claim upon which relief can be granted. "The [Fourth] Amendment protects the people from unreasonable searches and seizures of 'their persons, houses, papers, and effects.'" *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 62 (1992). "A search is defined as '[a]n examination of a person's body, property, or other area that the person would reasonably be expected to consider as private ....'" *I.S. by & through Disla v. Binghamton City Sch. Dist.*, 486 F. Supp. 3d 575, 598 (N.D.N.Y. 2020) (quoting Black's Law Dictionary (10th Ed. 2014)). "A 'seizure' of property … occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Soldal*, 506 U.S. at 61 (*quoting United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).

Here, Plaintiff faults Defendants for complying with state and federal reporting requirements to the NICS. ECF No. 50 at pp. 20-21. Plaintiff fails to set forth any facts plausibly suggesting that any Defendant carried out a search of Plaintiff, nor that any Defendant seized property from Plaintiff. Indeed, there is no seizure of a person or property involved in the denial of a certificate of relief from disabilities. Accordingly, the Second Cause of Action should be dismissed for failure to state a claim. *See Juzumas v. Nassau Cnty., New York*, 33 F.4th 681, 692

8

(2d Cir. 2022) (holding that Fourth Amendment claim was properly dismissed where the County revoked the plaintiff's pistol license); *Kaminsky v. Schriro*, 760 F. App'x 69, 72 (2d Cir. 2019) (holding that a gun owner who surrendered his firearms to police officers after being notified that, as a felon, he was prohibited from possessing them could not state a Fourth Amendment claim when they were not returned).

## POINT V

### PLAINTIFF'S DUE PROCESS CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM AND AS UNTIMELY

In their principal Memorandum of Law, Defendants demonstrated that Plaintiff's Third and Fourth Causes of Action, which allege due process violations, fail to state a claim upon which relief can be granted. ECF No. 45-2 at **Point V**. Contrary to Plaintiff's assertion, Defendants do not maintain that Plaintiff failed to exhaust administrative remedies as a prerequisite to filing a Section 1983 action. Rather, the Amended Complaint fails to state a due process claim because Plaintiff's right to a post-denial certificate of relief proceeding under Article 78 is "a wholly adequate post-deprivation hearing for due process purposes." *Leary v. Civil Serv. Empls. Ass'n Region 3*, 516 F. App'x. 42, 43 (2d Cir. 2013) (*quoting Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001)); *see generally, O'Leary v. Town of Huntington*, No. 11-CV-3754, 2012 WL 3842567, at *12 n.7 (E.D.N.Y. Sept. 5, 2012) ("[B]ecause one must show that the state procedural remedies are inadequate in order to bring a Section 1983 *due process* claim, the availability and non-use of such procedures would bar a Section 1983 claim. Thus, the legal defect in the due process claim is the failure to use available, post-deprivation remedies, rather than some general failure to exhaust."). Indeed, District Courts in New York have routinely held that the Certificate of Relief from Disabilities process, including Article 78 review, satisfies the Due Process clause. *See, e.g., Moussa v. Sullivan*, No. 22-CV-3709, 2022 WL 2906177, at *3 (E.D.N.Y. July 22, 2022); *Houston*

9

*v. Nassau Cnty. Police Dep't*, No. 20-CV-5253, 2020 WL 7643132, at *3 (E.D.N.Y. Dec. 23, 2020); MHL § 7.09(j)(2); 14 N.Y.C.R.R. § 543.5.

Notably, contrary to Plaintiff's view, "constitutional issues can be decided in Article 78 proceedings. An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit." *Hellenic American Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996) (internal citation omitted), *cert. dismissed*, 521 U.S. 1140 (1997); *see also Kern v. Joyce*, 857 F. App'x 691, 693 (2d Cir. 2021) (where court found that constitutional claims were cognizable in an Article 78 proceeding). Moreover, as explained in Defendants' principal Memorandum of Law, Plaintiff's claims alleging that the Defendants failed to provide Plaintiff with an opportunity to be heard are untimely. ECF No. 45-2 at **Point V**. In sum, Plaintiff's Third and Fourth Causes of Action should be dismissed.

## POINT VI

### THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

In their principal Memorandum of Law, Defendants demonstrated that Plaintiff's Amended Complaint should be dismissed with prejudice and without leave to amend, because further repleading would be futile. ECF No. 45-2 at pp. 24-25. In opposition, Plaintiff neither requests leave to further amend, nor explains how any amendments would cure the deficiencies identified by the Defendants in their motion to dismiss. Accordingly, Plaintiff's Amended Complaint should be dismissed with prejudice and without leave to amend. *See Gregory v. ProNAi Therapeutics Inc.*, 757 F. App'x 35, 39 (2d Cir. 2018).

## CONCLUSION

Defendants submit that their motion to dismiss should be granted, the Amended Complaint should be dismissed with prejudice, and they should be terminated as Defendants in this action.

Dated: Albany, New York
November 1, 2024

                                               LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants Ann Marie T. Sullivan, MD, in her individual and official capacity; New York State Office of Mental Health; New York State Office of NICS Appeals and SAFE Act; Li-Wen Grace Lee, M.D.; Carmen Barber; and Tony Trahan
The Capitol
Albany, New York 12224-0341

By: *Mark G. Mitchell*
Mark G. Mitchell
Assistant Attorney General, of Counsel
Bar Roll No. 516818
Telephone: 518-776-2583
Fax: 518-915-7738 (Not for service of papers)
Email: mark.mitchell@ag.ny.gov

To:    The Bellantoni Law Firm, PLLC
Attorneys for Plaintiff
Amy L. Bellantoni, Esq.
2 Overhill Road, Suite 400
Scarsdale, New York 10583