UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ISAAC RICHEY,

                            Plaintiff,                  1:23-cv-00344-AMN-DJS

      -against-


ANN MARIE T. SULLIVAN, MD, in her Individual
and Official Capacity, NEW YORK STATE OFFICE
OF MENTAL HEALTH, NEW YORK STATE OFFICE
OF NICS APPEALS AND SAFE ACT, LI-WEN GRACE
LEE, M.D., Individually, CARMEN BARBER, Individually,
TONY TRAHAN, Individually, and DOES 1-5 in
their individual capacities,

                            Defendants.
-------------------------------------------------------------------x


# MEMORANDUM OF LAW
# IN SUPPORT OF PLAINTIFF'S MOTION
# FOR RECONSIDERATION


**Amy L. Bellantoni, Bar No. 701018**
*Attorney for Plaintiff*
**THE BELLANTONI LAW FIRM, PLLC**
**2 Overhill Road, Suite 400**
**Scarsdale, New York 10583**
**abell@bellantoni-law.com**

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................ i

PRELIMINARY STATEMENT ........................................................................................ 1

LEGAL ARGUMENT ....................................................................................................... 1

Standard for Motion for Reconsideration Under Fed.R.Civ.P. 54(b) ............................... 1

I. THE DECISION OVERLOOKS THE CLEAR ABSENCE OF ANY 'NOTICE' TO PLAINTIFF, AS REQUIRED BY THE FOURTEENTH AMENDMENT RIGHT TO PROCEDURAL DUE PROCESS ..................................................................................... 2

II. PRE-DISCOVERY DETERMINATION OF IMMUNITY WAS PREMATURE ...................... 5

CONCLUSION .................................................................................................................. 7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akey v. Clinton County, N.Y.*,
    375 F.3d 231 (2d Cir.2004) ................................................................................................. 3

*Balentine v. Doe*,
    2022 WL 17818553 (N.D.N.Y. Dec. 20, 2022) ................................................................... 1

*Bell v. Burson*,
    402 U.S. 535 (1971) ............................................................................................................. 3

*Brooks v. Hogan*,
    2017 WL 1025966 (N.D.N.Y. Mar. 16, 2017) .................................................................... 1

*Burns v. Reed*,
    500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547, (1991) ..................................................... 5

*Cassidy v. Madoff*,
    2020 WL 554529 ................................................................................................................. 5

*D.B. v. Sullivan*,
    2025 WL 1033883 (N.D.N.Y. Jan. 31, 2025) ............................................................. 4, 5, 6

*Houston v. Nassau Cnty. Police Dep't*,
    2020 WL 7643132 (E.D.N.Y. Dec. 23, 2020) ..................................................................... 4

*In re Hoosick Falls PFOA Cases*,
    2020 WL 3211327 (N.D.N.Y. June 15, 2020) .................................................................... 1

*King v. Simpson*,
    189 F.3d 284 (2d Cir. 1999) ................................................................................................ 5

*McGuire v. City of New York*,
    142 F. App'x 1 (2d Cir. 2005) ............................................................................................. 3

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995) .................................................................................................. 1

*Victory v. Pataki*,
    814 F.3d 47(2d Cir. 2016), as amended (Feb. 24, 2016) ................................................. 5, 6

*Weigner v. City of New York*,
    852 F.2d 646 (2d Cir.1988) ................................................................................................. 3

**Rules**

Fed.R.Civ.P. 54(b) ................................................................................................................. 1

**Regulations**

14 N.Y.C.R.R. 543.1 ............................................................................................................. 5
14 NYCRR § 543.5(1)(vi) ..................................................................................................... 5

**PRELIMINARY STATEMENT**

Plaintiff, Isaac Richey ("Plaintiff"), respectfully submits the within motion pursuant to Federal Rule of Civil Procedure 54 and Local Rule 60.1 seeking reconsideration of certain provisions of the Court's July 3, 2025 Decision and Order (the "Decision"), to wit, (i) dismissal of the post-deprivation Fourteenth Amendment claim, which requires *both* "notice" and an opportunity to be heard; no "notice" of the NICS reporting or the availability of a relief process is provided under the statute or by the defendants; and (ii) the pre-discovery determination that the defendant Panel Members are entitled to immunity from suit.

**LEGAL ARGUMENT**

**Standard for Motion for Reconsideration Under Fed.R.Civ.P. 54(b)**

The standard for granting a motion for reconsideration [under Rule 54(b)] 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.' " *In re Hoosick Falls PFOA Cases*, No. 119CV00225LEKDJS, 2020 WL 3211327, at *2 (N.D.N.Y. June 15, 2020) quoting, *Brooks v. Hogan*, No. 14-CV-477, 2017 WL 1025966, at *2 (N.D.N.Y. Mar. 16, 2017) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

The decisions referenced in Rule 54(b) may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice. *Balentine v. Doe*, No. 921CV1383LEKCFH, 2022 WL 17818553, at *1 (N.D.N.Y. Dec. 20, 2022) citation omitted.

As set forth below, the court overlooked matters that might reasonably be expected to alter the conclusion reached by the court, the availability of new evidence, and the need to correct and prevent a manifest injustice warrant granting Plaintiff's motion for reconsideration.

1

## I. THE DECISION OVERLOOKS THE CLEAR ABSENCE OF ANY 'NOTICE' TO PLAINTIFF, AS REQUIRED BY THE FOURTEENTH AMENDMENT RIGHT TO PROCEDURAL DUE PROCESS

While the Decision discussed the three *Mathews* factors "bearing on the constitutional need for procedural protections" to determine "how much process is due," the Court attributed no importance to the absence of the 'notice' required by the Fourteenth Amendment.

Without providing notice (i) that his Second Amendment rights have been permanently terminated and (ii) the availability of a process for restoring such rights, the *Mathews* factors are basically meaningless. Leaving aside the issue of pre-deprivation due process for purposes of this motion, where an individual has been reported to NICS based on a MHL § 9.39 admission, as required by New York State Mental Health Law § 7.09(j), the state has an obligation to notify that individual of the deprivation and the means of restoring the right. Without notice that the right has been terminated, the individual has no means of knowing that they are now deemed by state and federal officials to be a 'prohibited person,' and no reason to challenge that designation and/or begin the state's process of restoration.

In its discussion of the statute of limitations, the Court acknowledged that Plaintiff's return to the military after his 2019 admission and continued access to firearms would not have placed Plaintiff on notice that his rights had been terminated, that Plaintiff was only made aware that he was in the NICS database when he attempted to purchase a firearm years later and had failed a NICS check because of the admission [Decision at 6].

A failed federal NICS check years after the fact is wholly insufficient 'notice' that one's firearm rights were terminated years ago by the state. Even so, the failed NICS check does not provide notice of New York State's Certificate of Relief process.

2

Moreover, completing the ATF Form 4475 without having received notice from New York State that the MHL § 9.39 admission permanently disarmed him, a purchaser also is subject to federal felony charges for being a 'prohibited person' attempting to unlawfully possess firearms, and for 'falsely' completing the ATF Form 4475 by selecting "no" to the question of whether he had ever been "committed to a mental institution."

Unlike the privilege of holding a driver's license, the right to possess and acquire firearms is an enumerated constitutional right codified in the Second Amendment. Yet, even the Second Circuit recognizes that the deprivation of driving privileges requires New York State to provide notice to the licensee that their license (and ability to drive on the public roads) has been suspended.

"The law recognizes issued driver's licenses to constitute a property interest that cannot be suspended without the procedural due process protection of adequate notice." *McGuire v. City of New York*, 142 F. App'x 1, 3–4 (2d Cir. 2005) (summary order) citing, *Bell v. Burson*, 402 U.S. 535, 539 (1971). "Mailed notice is generally deemed sufficient for this purpose." *Id.* citing, *Weigner v. City of New York*, 852 F.2d 646, 650 (2d Cir.1988); accord *Akey v. Clinton County, N.Y.*, 375 F.3d 231, 235 (2d Cir.2004).

Notice of the loss of the Second Amendment right is similarly required under the Fourteenth Amendment.

It is undisputed that no notice to a § 9.39 admittee is required by MHL § 7.09(j) (or any other state statute) and, it is also undisputed that no notice, in fact, was provided by OMH when Plaintiff was reported to NICS.

The lack of any statutory notice requirement and the absence of any notice having been provided constitute procedural due process violations.

While cited in the Decision, the plaintiff in *Houston v. Nassau Cnty. Police Dep't*, No. 20CV5253KAMAKT, 2020 WL 7643132, at *3 (E.D.N.Y. Dec. 23, 2020) pled a violation of Equal Rights, and made no argument regarding post-deprivation notice.

Houston's claim that he "received no hearing or notification of [his] placement [on the NICs list], thereby violating [his] 14th Amendment, Section 1 right to equal protection of the law" was rejected by the court. *Id.* (emphasis added). To the extent that the district court addressed post-deprivation due process, like the Decision here, the court only addressed the Certificate of Relief process and its procedural protections – not the absence of notice.

But where no notice of the deprivation of the constitutional right is provided in the first instance, the protections of the 'process' to restore that right are meaningless. The First Amended Complaint sufficiently alleges the lack of any Notice from defendants and/or New York State that his firearm rights were terminated by New York State and that he was reported to NICS as a 'prohibited person.' [FAC at ¶¶ 112-114]. *See also, D.B. v. Sullivan*, No. 1:22-CV-0282 (MAD/PJE), 2025 WL 1033883, at *13 (N.D.N.Y. Jan. 31, 2025), *report and recommendation adopted*, No. 1:22-CV-0282 (MAD/PJE), 2025 WL 864043 (N.D.N.Y. Mar. 19, 2025) (Defendants set forth no argument or support to suggest that there existed exigent circumstances such that notice was not possible at/near the time of plaintiff's admission. Indeed, defendants do not address plaintiff's argument that the alleged lack of notice that his hospital admission would result in referral to the NICS database was a violation of his due process rights).

It is respectfully requested that Plaintiff's post-deprivation Fourteenth Amendment claim be reinstated.

**II. PRE-DISCOVERY DETERMINATION OF IMMUNITY WAS PREMATURE**

In holding that the Panel Members are entitled to quasi-judicial immunity, the Decision references language from *D.B. v. Sullivan*, supra, indicating that the court may take "judicial notice of the rules and regulations of an administrative agency." *D.B.* at *9, n. 8. [Decision at 26].

But while *D.B.* took "judicial notice of 14 N.Y.C.R.R. 543.1 to understand whether the Panel Members play a quasi-judicial role [*D.B.*, at *9], the court went on to conclude that, "under the facts and circumstances of this case as it is currently presented, it is not clear from the four corners of the proposed amended complaint or defendants' opposition that the defendant panel members are entitled to quasi-judicial immunity." *D.B.*, at *12 (noting that the defendants have provided no affidavits or depositions of the panel members nor any officials from OMH).

> Thus, although the Court has before it the regulations which list the documents the panel is to consider in assessing whether to issue or deny a certificate of relief from disabilities related to firearms, it does not have any specifics about the implementation of the responsibilities these officials performed with respect to plaintiff's denial of a certificate for relief of disabilities related to firearms.
>
> Having such information about the specifics of the panel members' application of 14 NYCRR § 543.5(1)(vi) would likely allow for a full and proper "factual inquiry." *Victory*, 814 F.3d at 66. The Court has before it no depositions or affidavits of the panel members nor any officials from the New York State Office of Mental Health ("OMH"). See generally *Cassidy v. Madoff*, 2020 WL 554529, at *7 (Noting that the defendants "have not addressed whether the [panel members]' actions or responsibilities in this case were administrative, as opposed to judicial.") (citing *Victory*, 814 F.3d at 65-66) ("[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question.") (quoting *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547, (1991)); *King v. Simpson*, 189 F.3d 284, 287-88 (2d Cir. 1999) ("In determining whether an official is entitled to absolute immunity, we must take a functional approach and look to the particular acts or responsibilities that the official performed."). As the record stands, the undersigned is unable to make a complete "factual inquiry" whether the panel members' "particular acts" and analyses are closer more judicial or more administrative in nature. *King*, 189 F.3d at 287-88.

*D.B.*, at *11 citing, *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016), as amended (Feb. 24, 2016).

Defendants (and the court) are in no different position in this case, as there were no affidavits filed in support of the State's motion nor have any depositions in this case yet taken place.

Respectfully, Plaintiff should be afforded the opportunity to depose the Panel Members in this case to obtain a full and proper factual inquiry into their functions before they are dismissed from the action under the defense of quasi-judicial immunity.

Recent depositions in the matter of *D.B. v. Sullivan,* supra. bear out that the panel members hold full-time jobs and perform their Certificate of Relief functions on a part-time basis; they review documents and then make a decision. No witnesses are interviewed, no hearing is held, the Panel Members have no contact with the applicant nor do they communicate with any witnesses or character references, no rules of evidence or other procedural rules are applied. The application process is also not connected to any court function – unlike a parole board  - nor is the process adversarial in nature or adjudicative, as opposed to a disciplinary hearing. Unlike a hearing officer or parole board, there is no adversarial nature to the application process or adjudicative role played by the Panel Members.

In sum, without sworn testimony and/or factual information concerning how the administrative regulations are implemented by the Panel Members, a determination of their immunity is factually incomplete and premature.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the plaintiff's claim for Fourteenth Amendment pre-deprivation procedural due process be reinstated, and that a

determination of the Panel Members' immunity status be reserved for a post-discovery motion for summary judgment.

Dated: July 17, 2025
      Scarsdale. New York

                                        THE BELLANTONI LAW FIRM, PLLC
                                        *Attorneys for Plaintiff*

By:   *Amy Bellantoni*
        Amy L. Bellantoni
        2 Overhill Road, Suite 400
        Scarsdale, New York 10583
        abell@bellantoni-law.com

7