UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ISAAC RICHEY,

*Plaintiff*,

-against-

ANN MARIE T. SULLIVAN, MD, in her Individual and
Official Capacity, NEW YORK STATE OFFICE OF
MENTAL HEALTH, NEW YORK STATE OFFICE OF
NICS APPEALS AND SAFE ACT, LI-WEN GRACE
LEE, M.D., Individually, CARMEN BARBER,
Individually, TONY TRAHAN, Individually, DOES 1-5
in their individual capacities,

*Defendants*.

**ANSWER**

**JURY TRIAL
DEMANDED**

Case No. 1:23-CV-344
(AJB/DJS)

Defendant, Ann Marie T. Sullivan, MD, in her official capacity ("Defendant"),[1] by her

attorney, Letitia James, Attorney General of the State of New York (Mark G. Mitchell, of counsel),

answers the First Amended Complaint for Injunctive and Declaratory Relief, filed on August 27,

2024 (ECF No. 39, "Amended Complaint") as follows:

### NATURE OF THE ACTION[2]

1.     The allegations contained in paragraph 1 of the Amended Complaint constitute

Plaintiff's characterization of this proceeding, to which no response is required.  To the extent a

response is required, denies the allegations contained in paragraph 1 of the Amended Complaint.

---

[1]  Pursuant to the Court's Decision and Order, filed on July 3, 2025, the following were terminated
as Defendants in this action: New York State Office of Mental Health; New York State Office of
NICS Appeals and SAFE Act; Li-Wen Grace Lee, M.D.; Carmen Barber; Tony Trahan; Does 1-
5; and Ann Marie T. Sullivan, MD, in her individual capacity.  ECF No. 53 at 42-43.

[2]  Defendant utilizes Plaintiff's headings, where applicable, for ease of reference only, and does
not admit the truth or applicability of any of the headings as designated by Plaintiff.

Affirmatively pleads that, pursuant to its Decision and Order, filed on July 3, 2025, the Court dismissed all claims in the Amended Complaint, except for Plaintiff's "Second Amendment claims arising out of the maintenance of his information in the NICS database pursuant to the 2019 Admission …, but only as to Commissioner Sullivan, in her official capacity, pursuant to the *Ex parte Young* doctrine." ECF No. 53 at 42-43.

## JURISDICTION AND VENUE

2.      Denies the allegations contained in paragraph 2 of the Amended Complaint; except admits that Plaintiff has commenced this action under the United States Constitution and laws of the United States.

3.      Denies the allegations contained in paragraph 3 of the Amended Complaint, except admits the allegations that the Plaintiff seeks the relief discussed, and admits that venue is proper in this District.

## THE PARTIES

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint.

5.      As to the allegations in paragraph 5 of the Amended Complaint, admits that Ann Marie T. Sullivan, MD is the Commissioner of the New York State Office of Mental Health (OMH). Affirmatively pleads that pursuant to the Court's Decision and Order, filed on July 3, 2025, all claims were dismissed against Ann Marie T. Sullivan, MD, in her individual capacity. ECF No. 53 at 42-43.

6.      Denies the allegations contained in paragraph 6 of the Amended Complaint because the New York State Office of Mental Health was terminated as a defendant in this action and is no longer a party. ECF No. 53 at 43.

7.      Denies the allegations contained in paragraph 7 of the Amended Complaint because the New York State Office of NICS Appeals and SAFE Act was terminated as a defendant in this action and is no longer a party.  ECF No. 53 at 43.

8.      With respect to the allegations contained in paragraph 8 of the Amended Complaint concerning the legal responsibilities of Defendant Sullivan, respectfully refers the Court to the New York State Mental Hygiene Law for the most complete and accurate statement of the duties and authority of the Commissioner of the Office of Mental Health, and denies the allegations contained in paragraph 8 of the Amended Complaint to the extent inconsistent therewith.

9.      Denies the allegations contained in paragraph 9 of the Amended Complaint because Li-Wen Grace Lee, M.D. was terminated as a defendant in this action and is no longer a party. ECF No. 53 at 43.

10.      As to the allegations contained in paragraph 10 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's claims against the "Panel Members" which were dismissed by the Court.  ECF No. 53 at 24-32, 42-43.  To the extent that a response is required, Defendant respectfully refers the Court to the cited statutory and regulatory authority as the best evidence and most accurate version of its contents and denies the allegations contained in paragraph 10 of the Amended Complaint to the extent inconsistent therewith.

11.      As to the allegations contained in paragraph 11 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's claims against the "Panel Members" and Defendant Sullivan in her individual capacity which were dismissed by the Court.  ECF No. 53 at 24-32, 33-36 42-43.  To the extent that a response is required, Defendant respectfully refers the Court to the cited statutory and regulatory authority as

the best evidence and most accurate version of its contents and denies the allegations contained in paragraph 11 of the Amended Complaint to the extent inconsistent therewith.

12.     Denies the allegations contained in paragraph 12 of the Amended Complaint. Affirmatively pleads that the Office of NICS Appeals and SAFE Act denied Plaintiff's application for a Certificate of Relief on or about July 28, 2022.

13.     Denies the allegations contained in paragraph 13 of the Amended Complaint because Carmen Barber was terminated as a defendant in this action and is no longer a party.  ECF No. 53 at 43.

14.     Denies the allegations contained in paragraph 14 of the Amended Complaint because Tony Trahan was terminated as a defendant in this action and is no longer a party.  ECF No. 53 at 43.

15.     Denies the allegations contained in paragraph 15 of the Amended Complaint. Affirmatively pleads that Plaintiff's claims against Does 1-3 were dismissed by the Court.  ECF No. 53 at 24-32, 42-43.

16.     As to the allegations contained in paragraph 16 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's claims against Dr. Lee, Barber, Trahan, and Does 1-3 which were dismissed by the Court.  ECF No. 53 at 24-32, 42-43.  To the extent that a response is required, Defendant respectfully refers the Court to the cited statutory and regulatory authority as the best evidence and most accurate version of its contents and denies the allegations contained in paragraph 16 of the Amended Complaint to the extent inconsistent therewith.

17.     Denies the allegations contained in paragraph 17 of the Amended Complaint, and respectfully refers all issues of law to the Court.

4

18.     As to the allegations contained in paragraph 18 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's claims against Does 1-5 which were dismissed by the Court. ECF No. 53 at 42-43. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint pertaining to Does 1-5.

19.     As to the allegations contained in paragraph 19 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's claims against Does 4-5 which were dismissed by the Court. ECF No. 53 at 42-43. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint pertaining to Does 4-5.

20.     As to the allegations contained in paragraph 20 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's claims against Does 4-5 which were dismissed by the Court, as well as to Plaintiff's Fourteenth Amendment due process claims which were dismissed by the Court. ECF No. 53 at 17-23, 42-43. To the extent that a response is required, Defendant denies the allegations contained in paragraph 20 of the Amended Complaint.

21.     As to the allegations contained in paragraph 21 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's claims against Does 4-5 which were dismissed by the Court, as well as to Plaintiff's Fourteenth Amendment due process claims which were dismissed by the Court. ECF No. 53 at 17-23, 42-43.

To the extent that a response is required, Defendant denies the allegations contained in paragraph 21 of the Amended Complaint.

22.    Denies the allegations contained in paragraph 22 of the Amended Complaint.

23.    Denies the allegations contained in paragraph 23 of the Amended Complaint. Affirmatively pleads that the Court dismissed all claims against Dr. Lee, Barber, Trahan, Does 1-5, and Defendant Sullivan in her individual capacity.  ECF No. 53 at 42-43.

24.    Denies the allegations contained in paragraph 24 of the Amended Complaint. Affirmatively pleads that the Court dismissed all claims against Dr. Lee, Barber, Trahan, Does 1-5, and Defendant Sullivan in her individual capacity.  ECF No. 53 at 42-43.

25.    Denies the allegations contained in paragraph 25 of the Amended Complaint.

## STATUTORY FRAMEWORK

26.    As to the allegations contained in paragraph 26 of the Amended Complaint, respectfully refers the Court to the cited statute and regulation as the best evidence and most accurate version of their contents and denies the allegations contained in paragraph 26 of the Amended Complaint to the extent inconsistent therewith.

27.    As to the allegations contained in paragraph 27 of the Amended Complaint, respectfully refers the Court to the cited statute and regulation as the best evidence and most accurate version of their contents and denies the allegations contained in paragraph 27 of the Amended Complaint to the extent inconsistent therewith.

28.    As to the allegations contained in paragraph 28 of the Amended Complaint, respectfully refers the Court to the cited government publication as the best evidence and most accurate version of its contents and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint.

31.    As to the allegations contained in paragraph 31 of the Amended Complaint, respectfully refers the Court to the cited regulation as the best evidence and most accurate version of its contents and denies the allegations contained in paragraph 31 of the Amended Complaint to the extent inconsistent therewith.

32.    As to the allegations contained in paragraph 32 of the Amended Complaint, respectfully refers the Court to the cited statute and regulation as the best evidence and most accurate version of their contents and denies the allegations contained in paragraph 32 of the Amended Complaint to the extent inconsistent therewith.

33.    As to the allegations contained in paragraph 33 of the Amended Complaint, respectfully refers the Court to the cited statute as the best evidence and most accurate version of its contents and denies the allegations contained in paragraph 33 of the Amended Complaint to the extent inconsistent therewith.

34.    As to the allegations contained in paragraph 34 of the Amended Complaint, respectfully refers the Court to the cited regulation as the best evidence and most accurate version of its contents and denies the allegations contained in paragraph 34 of the Amended Complaint to the extent inconsistent therewith.

35.    As to the allegations contained in paragraph 35 of the Amended Complaint, respectfully refers the Court to the cited regulation as the best evidence and most accurate version of its contents and denies the allegations contained in paragraph 35 of the Amended Complaint to

the extent inconsistent therewith.

36.    As to the allegations contained in paragraph 36 of the Amended Complaint, respectfully refers the Court to the cited statutes and regulation as the best evidence and most accurate version of their contents and denies the allegations contained in paragraph 36 of the Amended Complaint to the extent inconsistent therewith.

37.    As to the allegations contained in paragraph 37 of the Amended Complaint, respectfully refers the Court to the cited statutes and regulation as the best evidence and most accurate version of their contents and denies the allegations contained in paragraph 37 of the Amended Complaint to the extent inconsistent therewith.

38.    As to the allegations contained in paragraph 38 of the Amended Complaint, respectfully refers the Court to the cited statutes as the best evidence and most accurate version of their contents and denies the allegations contained in paragraph 38 of the Amended Complaint to the extent inconsistent therewith.

39.    As to the allegations contained in paragraph 39 of the Amended Complaint, respectfully refers the Court to the cited regulation as the best evidence and most accurate version of its contents and denies the allegations contained in paragraph 39 of the Amended Complaint to the extent inconsistent therewith.

40.    As to the allegations contained in paragraph 40 of the Amended Complaint, respectfully refers the Court to the cited regulation as the best evidence and most accurate version of its contents and denies the allegations contained in paragraph 40 of the Amended Complaint to the extent inconsistent therewith.

41.    As to the allegations contained in paragraph 41 of the Amended Complaint, respectfully refers the Court to the cited regulation as the best evidence and most accurate version

of its contents, and denies the allegations contained in paragraph 41 of the Amended Complaint to the extent inconsistent therewith.

42.     As to the allegations contained in paragraph 42 of the Amended Complaint, respectfully refers the Court to the cited regulation as the best evidence and most accurate version of its contents and denies the allegations contained in paragraph 42 of the Amended Complaint to the extent inconsistent therewith.

43.     As to the allegations contained in paragraph 43 of the Amended Complaint, respectfully refers the Court to the cited form as the best evidence and most accurate version of its contents, and denies the allegations contained in paragraph 43 of the Amended Complaint to the extent inconsistent therewith.

44.     As to the allegations contained in paragraph 44 of the Amended Complaint, respectfully refers the Court to the cited form as the best evidence and most accurate version of its contents, and denies the allegations contained in paragraph 44 of the Amended Complaint to the extent inconsistent therewith.

45.     As to the allegations contained in paragraph 45 of the Amended Complaint, respectfully refers the Court to the cited form as the best evidence and most accurate version of its contents, and denies the allegations contained in paragraph 45 of the Amended Complaint to the extent inconsistent therewith.

46.     Denies the allegations contained in paragraph 46 of the Amended Complaint, and respectfully refers all issues of law to the Court.

47.     Denies the allegations contained in paragraph 47 of the Amended Complaint.

48.     As to the allegations contained in paragraph 48 of the Amended Complaint, respectfully refers the Court to the cited statute as the best evidence and most accurate version of

its contents, and denies the allegations contained in paragraph 48 of the Amended Complaint to the extent inconsistent therewith.

49.    Denies the allegations contained in paragraph 49 of the Amended Complaint.

50.    Denies the allegations contained in paragraph 50 of the Amended Complaint.

51.    Denies the allegations contained in paragraph 51 of the Amended Complaint.

52.    Denies the allegations contained in paragraph 52 of the Amended Complaint.

53.    As to the allegations contained in paragraph 53 of the Amended Complaint, respectfully refers the Court to the cited statute as the best evidence and most accurate version of its contents, and denies the allegations contained in paragraph 53 of the Amended Complaint to the extent inconsistent therewith.

54.    Denies the allegations contained in paragraph 54 of the Amended Complaint, and respectfully refers all issues of law to the Court.

55.    Denies the allegations contained in paragraph 55 of the Amended Complaint, and respectfully refers all issues of law to the Court.

56.    Denies the allegations contained in paragraph 56 of the Amended Complaint.

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint, and respectfully refers all issues of law to the Court.

58.    Denies the allegations contained in paragraph 58 of the Amended Complaint, except admits that records of individuals involuntarily admitted pursuant to MHL § 9.39 are transmitted to NICS.

59.    Denies the allegations contained in paragraph 59 of the Amended Complaint.

60.    Denies the allegations contained in paragraph 60 of the Amended Complaint.

10

61.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint insofar as the cited "communications" are not identified.

62.    Denies the allegations contained in paragraph 62 of the Amended Complaint.

63.    Denies the allegations contained in paragraph 63 of the Amended Complaint.

64.    Denies the allegations contained in paragraph 64 of the Amended Complaint.

65.    Denies the allegations contained in paragraph 65 of the Amended Complaint.

66.    Denies the allegations contained in paragraph 66 of the Amended Complaint, and respectfully refers all issues of law to the Court.

67.    Denies the allegations contained in paragraph 67 of the Amended Complaint, and respectfully refers all issues of law to the Court.

68.    Denies the allegations contained in paragraph 68 of the Amended Complaint. Affirmatively pleads that Plaintiff's claims against Defendant Sullivan in her individual capacity, as well as his claims against Does 4 and 5, were dismissed by the Court.  ECF No. 53 at 33-38, 42-43.

69.    Denies the allegations contained in paragraph 69 of the Amended Complaint. Affirmatively pleads that Plaintiff's claims against Defendant Sullivan in her individual capacity, as well as his claims against Does 4 and 5, were dismissed by the Court.  ECF No. 53 at 33-38, 42-43.

70.    Denies the allegations contained in paragraph 70 of the Amended Complaint. Affirmatively pleads that Plaintiff's claims against Defendant Sullivan in her individual capacity, as well as his claims against Does 4 and 5, were dismissed by the Court.  ECF No. 53 at 33-38, 42-43.

71.     As to the allegations contained in paragraph 71 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's Fourth Amendment claim that was dismissed by the Court.  ECF No. 53 at 13-14, 42.  To the extent that a response is required, denies the allegations contained in paragraph 71 of the Amended Complaint.

72.     As to the allegations contained in paragraph 72 of the Amended Complaint, respectfully refers the Court to the cited statutes as the best evidence and most accurate version of their contents, and denies the allegations contained in paragraph 72 of the Amended Complaint to the extent inconsistent therewith.  Affirmatively pleads that the Court dismissed Plaintiff's facial challenge to the constitutionality of MHL § 7.09(j)(1).  ECF No. 53 at 23-24, 42.

73.     As to the allegations contained in paragraph 73 of the Amended Complaint, respectfully refers the Court to the cited statute as the best evidence and most accurate version of its contents, and denies the allegations contained in paragraph 73 of the Amended Complaint to the extent inconsistent therewith.  Affirmatively pleads that the Court dismissed Plaintiff's facial challenge to the constitutionality of MHL § 7.09(j)(1).  ECF No. 53 at 23-24, 42.

74.     Denies the allegations contained in paragraph 74 of the Amended Complaint. Affirmatively pleads that the Court dismissed Plaintiff's facial challenge to the constitutionality of MHL § 7.09(j)(1).  ECF No. 53 at 23-24, 42.

75.     Denies the allegations contained in paragraph 75 of the Amended Complaint. Affirmatively pleads that the Court dismissed Plaintiff's facial challenge to the constitutionality of MHL § 7.09(j)(1).  ECF No. 53 at 23-24, 42.

76.     Denies the allegations contained in paragraph 76 of the Amended Complaint. Affirmatively pleads that the Court dismissed Plaintiff's facial challenge to the constitutionality of

MHL § 7.09(j)(1).  ECF No. 53 at 23-24, 42.

77.    Denies the allegations contained in paragraph 77 of the Amended Complaint.
Affirmatively pleads that the Court dismissed Plaintiff's facial challenge to the constitutionality of
MHL § 7.09(j)(1).  ECF No. 53 at 23-24, 42.

78.    Denies the allegations contained in paragraph 78 of the Amended Complaint.
Affirmatively pleads that the Court dismissed Plaintiff's facial challenge to the constitutionality of
MHL § 7.09(j)(1).  ECF No. 53 at 23-24, 42.

79.    Denies the allegations contained in paragraph 79 of the Amended Complaint, and
respectfully refers all issues of law to the Court.  Affirmatively pleads that the Court dismissed
Plaintiff's facial challenge to the constitutionality of MHL § 7.09(j)(1).  ECF No. 53 at 23-24, 42.

80.    As to the allegations contained in paragraph 80 of the Amended Complaint,
respectfully refers the Court to the cited statute as the best evidence and most accurate version of
its contents, and denies the allegations contained in paragraph 80 of the Amended Complaint to
the extent inconsistent therewith.

81.    As to the allegations contained in paragraph 81 of the Amended Complaint,
respectfully refers the Court to the cited cases and other authorities as the best evidence and most
accurate version of their contents, and denies the allegations contained in paragraph 81 of the
Amended Complaint to the extent inconsistent therewith.

**MATERIAL FACTS**

82.    Denies knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph 82 of the Amended Complaint.

83.    As to the allegations contained in paragraph 83 of the Amended Complaint,
respectfully refers the Court to the records of Samaritan Medical Center as the best evidence and

most accurate version of their contents, and denies the allegations contained in paragraph 83 of the Amended Complaint to the extent inconsistent therewith.

84. As to the allegations contained in paragraph 84 of the Amended Complaint, respectfully refers the Court to the records of Samaritan Medical Center as the best evidence and most accurate version of their contents, and denies the allegations contained in paragraph 84 of the Amended Complaint to the extent inconsistent therewith.

85. As to the allegations contained in paragraph 85 of the Amended Complaint, respectfully refers the Court to the records of Samaritan Medical Center as the best evidence and most accurate version of their contents, and denies the allegations contained in paragraph 85 of the Amended Complaint to the extent inconsistent therewith.

86. As to the allegations contained in paragraph 86 of the Amended Complaint, respectfully refers the Court to the records of Samaritan Medical Center as the best evidence and most accurate version of their contents, and denies the allegations contained in paragraph 86 of the Amended Complaint to the extent inconsistent therewith.

87. Denies the allegations contained in paragraph 87 of the Amended Complaint.

88. Denies the allegations contained in paragraph 88 of the Amended Complaint, and respectfully refers all issues of law to the Court.

89. Denies the allegations contained in paragraph 89 of the Amended Complaint.

90. Denies the allegations contained in paragraph 90 of the Amended Complaint.

91. Denies the allegations contained in paragraph 91 of the Amended Complaint, and respectfully refers all issues of law to the Court.

92. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Amended Complaint.

93.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Amended Complaint.

94.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Amended Complaint.

95.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Amended Complaint.

96.    Denies the allegations contained in paragraph 96 of the Amended Complaint, and respectfully refers all issues of law to the Court.

97.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Amended Complaint.

98.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Amended Complaint.

99.    As to the allegations contained in paragraph 99 of the Amended Complaint, respectfully refers the Court to the cited letter as the best evidence and most accurate version of its contents, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 99 of the Amended Complaint.

100.    Denies the allegations contained in paragraph 100 of the Amended Complaint.

101.    As to the allegations contained in paragraph 101 of the Amended Complaint, respectfully refers the Court to the cited letter as the best evidence and most accurate version of its contents, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 101 of the Amended Complaint.

102.    As to the allegations contained in paragraph 102 of the Amended Complaint, respectfully refers the Court to the cited letter as the best evidence and most accurate version of its

contents, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 102 of the Amended Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Amended Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Amended Complaint, except admits that the Office of NICS Appeals and SAFE Act reviewed the records submitted by Plaintiff.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Amended Complaint pertaining to the Doe Defendants.  Affirmatively pleads that the Court dismissed all claims against the Doe Defendants and the Office of NICS Appeals and SAFE Act.  ECF No. 53 at 10, 32, 36-38, 42-43.  Admits that the Office of NICS Appeals and SAFE Act reviewed the records submitted by Plaintiff.

106.    As to the allegations contained in paragraph 106 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's claims against the Doe Defendants that were dismissed by the Court.  ECF No. 53 at 32, 36-38, 42-43.  To the extent that a response is required, denies the allegations contained in paragraph 106 of the Amended Complaint.

107.    Denies the allegations contained in paragraph 107 of the Amended Complaint.

108.    Denies the allegations contained in paragraph 108 of the Amended Complaint, except admits that the Office of NICS Appeals and SAFE Act denied Plaintiff's application for a Certificate of Relief on or about July 28, 2022.  Affirmatively pleads that the Court dismissed all claims against Dr. Lee, Barber, Trahan, Does 1-5, and Defendant Sullivan in her individual capacity.  ECF No. 53 at 42-43.

109.    Denies the allegations contained in paragraph 109 of the Amended Complaint.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Amended Complaint, and respectfully refers all issues of law to the Court.

111.    Denies the allegations contained in paragraph 111 of the Amended Complaint.

112.    As to the allegations contained in paragraph 112 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's Fourteenth Amendment due process claims that were dismissed by the Court. ECF No. 53 at 17-23, 42. To the extent that a response is required, denies the allegations contained in paragraph 112 of the Amended Complaint.

113.    As to the allegations contained in paragraph 113 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's Fourteenth Amendment due process claims that were dismissed by the Court. ECF No. 53 at 17-23, 42. To the extent that a response is required, denies the allegations contained in paragraph 113 of the Amended Complaint.

114.    As to the allegations contained in paragraph 114 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's Fourteenth Amendment due process claims that were dismissed by the Court. ECF No. 53 at 17-23, 42. To the extent that a response is required, denies the allegations contained in paragraph 114 of the Amended Complaint.

115.    Denies the allegations contained in paragraph 115 of the Amended Complaint.

116.    Denies the allegations contained in paragraph 116 of the Amended Complaint.

117.    Denies the allegations contained in paragraph 117 of the Amended Complaint.

118.    As to the allegations contained in paragraph 118 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's claims against Sullivan in her individual capacity, as well as his claims against Does 4 and 5, that were dismissed by the Court.  ECF No. 53 at 33-38, 42-43.  To the extent that a response is required, denies the allegations contained in paragraph 118 of the Amended Complaint.

119.    Denies the allegations contained in paragraph 119 of the Amended Complaint.

120.    Denies the allegations contained in paragraph 120 of the Amended Complaint.

121.    Denies the allegations contained in paragraph 121 of the Amended Complaint. Affirmatively pleads that Plaintiff has no claim remaining for damages.  ECF No. 53 at 38, 42-43.

## DECLARATORY JUDGMENT ALLEGATIONS

122.    Denies the allegations contained in paragraph 122 of the Amended Complaint.

123.    Denies the allegations contained in paragraph 123 of the Amended Complaint, and respectfully refers all issues of law to the Court.

124.    Denies the allegations contained in paragraph 124 of the Amended Complaint, and respectfully refers all issues of law to the Court.

125.    Denies the allegations contained in paragraph 125 of the Amended Complaint, and respectfully refers all issues of law to the Court.

126.    As to the allegations contained in paragraph 126 of the Amended Complaint, this paragraph constitutes a statement of the relief sought by Plaintiff, to which no response is required. To the extent a response is required, denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

127.    As to the allegations contained in paragraph 127 of the Amended Complaint, no response is required because the relief sought by Plaintiff therein appears to be related to Plaintiff's

Fourth Amendment and Fourteenth Amendment due process claims that were dismissed by the Court.  ECF No. 53 at 42.  To the extent a response is required, denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

128.    As to the allegations contained in paragraph 128 of the Amended Complaint, this paragraph constitutes a statement of the relief sought by Plaintiff, to which no response is required. To the extent a response is required, denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.    Affirmatively pleads that the Court dismissed Plaintiff's facial challenge to the constitutionality of MHL § 7.09(j)(1).  ECF No. 53 at 23-24, 42.

### INJUNCTIVE RELIEF ALLEGATIONS

129.    Denies the allegations contained in paragraph 129 of the Amended Complaint.

130.    Denies the allegations contained in paragraph 130 of the Amended Complaint.

131.    Denies the allegations contained in paragraph 131 of the Amended Complaint, and respectfully refers all issues of law to the Court.

132.    Denies the allegations contained in paragraph 132 of the Amended Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION
### [Second and Fourteenth Amendments, 42 U.S.C. § 1983]

133.    As to the allegations contained in paragraph 133 of the Amended Complaint, repeats and realleges each of the foregoing responses as if fully set forth herein.

134.    Denies the allegations contained in paragraph 134 of the Amended Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION
### [Fourth Amendment, 42 U.S.C. § 1983]

135.    As to the allegations contained in paragraph 135 of the Amended Complaint, repeats and realleges each of the foregoing responses as if fully set forth herein.

136.     As to the allegations contained in paragraph 136 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's Fourth Amendment claim that was dismissed by the Court.  ECF No. 53 at 13-14, 42.  To the extent that a response is required, denies the allegations contained in paragraph 136 of the Amended Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
### [Fourteenth Amendment – Predeprivation Due Process, 42 U.S.C. § 1983]

137.     As to the allegations contained in paragraph 137 of the Amended Complaint, repeats and realleges each of the foregoing responses as if fully set forth herein.

138.     As to the allegations contained in paragraph 138 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's Fourteenth Amendment due process claims that were dismissed by the Court.  ECF No. 53 at 14-23, 42.  To the extent that a response is required, denies the allegations contained in paragraph 138 of the Amended Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
### [Fourteenth Amendment – Postdeprivation Due Process, 42 U.S.C. § 1983]

139.     As to the allegations contained in paragraph 139 of the Amended Complaint, repeats and realleges each of the foregoing responses as if fully set forth herein.

140.     As to the allegations contained in paragraph 140 of the Amended Complaint, no response is required because any factual allegations therein appear to be related to Plaintiff's Fourteenth Amendment due process claims that were dismissed by the Court.  ECF No. 53 at 14-23, 42.  To the extent that a response is required, denies the allegations contained in paragraph 140 of the Amended Complaint.

141.     As to the "wherefore" clause of the Amended Complaint, denies that Plaintiff is

entitled to the relief requested, or to any relief whatsoever.

142.    Denies each and every allegation contained in the Amended Complaint that alleges, or tends to allege, that the challenged action was in any way contrary to constitutional, statutory, regulatory or case law.

143.    Denies each and every allegation of the Amended Complaint not specifically responded to above.

## AFFIRMATIVE DEFENSES

144.    The Amended Complaint fails to state a claim upon which relief can be granted.

145.    The Defendant has not violated or deprived Plaintiff of any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

146.    At all relevant times, Defendant acted under the reasonable belief that her conduct was in accordance with clearly established law.  She is, therefore, protected under the doctrine of qualified immunity.

147.    The Court lacks subject-matter jurisdiction over this case.

148.    Plaintiff's claims are barred, in whole or in part, by sovereign or Eleventh Amendment immunity.

149.    Plaintiff's claims are barred, in whole or in part, by quasi-judicial immunity.

150.    The Amended Complaint is barred to the extent it was not filed within the applicable statute of limitations.

151.    Defendant is not personally involved in the alleged constitutional or statutory violations, and is therefore not liable under 42 U.S.C. § 1983.  The doctrine of *respondeat superior* does not apply in civil rights cases, and the Amended Complaint should therefore be dismissed.

152.    Defendant lacks the authority to grant the relief sought by Plaintiff.

153.    Certain of the challenged provisions are required by federal laws whose constitutionality the Plaintiff does not dispute.

154.    Plaintiff failed to exhaust administrative remedies.

155.    The Amended Complaint is barred, at least in part, under principles of res judicata, collateral estoppel, and the law of the case.

156.    The alleged acts or omissions of the Defendant did not proximately cause any of the alleged deprivations, losses, or injuries of which Plaintiff complains.

157.    The laws and actions at issue in this case do not implicate the Second Amendment and, if found to implicate the Second Amendment, are fully consistent with American legal history and tradition.

158.    Plaintiff is not entitled to damages, interest, attorneys' fees, or any other costs.

159.    Defendant hereby demands a trial by jury.

WHEREFORE, Defendant respectfully asks that this Court deny the relief requested, dismiss the Amended Complaint, and grant such other relief as to the Court shall seem just and equitable.

Dated: Albany, New York
        July 17, 2025

                                LETITIA JAMES
                                Attorney General
                                State of New York
                                Attorney for Defendant Ann Marie T. Sullivan,
                                    MD, in her official capacity
                                The Capitol
                                Albany, New York  12224-0341

By: *Mark G. Mitchell*

Mark G. Mitchell
Assistant Attorney General, of Counsel
Bar Roll No. 516818
Telephone:  518-776-2583
Fax:  518-915-7738 (Not for service of papers)
Email: mark.mitchell@ag.ny.gov

TO:     The Bellantoni Law Firm, PLLC
        *Attorneys for Plaintiff*
        Amy L. Bellantoni, Esq.
        2 Overhill Road, Suite 400
        Scarsdale, New York 10583
        abell@bellantoni-law.com