UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ISAAC RICHEY,

                              Plaintiff,

                                                                     1:23-CV-0344
       v.                                                            (AJB/DJS)

ANN MARIE T. SULLIVAN, MD,

                              Defendant.
_____

**APPEARANCES:**                                         **OF COUNSEL:**

THE BELLANTONI LAW FIRM, PLLC          AMY L. BELLANTONI, ESQ.
Attorney for Plaintiff
2 Overhill Road, Suite 400
Scarsdale, New York 10583

NEW YORK STATE ATTORNEY GENERAL     BENJAMIN L. LOEFKE, ESQ.
Attorneys for Defendants                                 Assistant Attorney General
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

       During the course of discovery in this matter, Defendants[1] withheld from disclosure three categories of documents, totaling five documents, on the basis that each was privileged and not subject to disclosure. Dkt. No 32. Those documents were submitted to the Court for *in camera* review. Review of those documents was put on hold while the parties litigated a motion to dismiss the Complaint. Dkt. No. 38. That motion has now been resolved.

---

[1] Ann Marie Sullivan is now the sole remaining Defendant in this action.

- 1 -

"As with all discovery disputes, the Court first considers proportional relevance and its six standards."[2] *BASF Corp. v. Curia Glob., Inc.*, 2022 WL 2869044, at *2 (N.D.N.Y. July 21, 2022). Defendants have withheld a one page document containing two emails dated July 27, 2022. The emails are entirely logistical in nature and are not proportionally relevant to Plaintiff's surviving claims which the District Court characterized as "Second Amendment claims stemming from the maintenance of his information in [a criminal background] database, which precludes him from obtaining a firearm." Dkt. No. 53 at p. 38. Disclosure of those emails, therefore, is not required.

The Court reaches the same conclusion as to a second document withheld from disclosure - a March 2022 memorandum. Dkt. No. 32 at p. 1. Defendant characterizes the document as an "intra-agency summary prepared by staff to assist the NICS Review Panel in reaching a determination of Plaintiff's application for a Certificate of Relief from Disabilities." *Id.* The District Court, however, has dismissed Plaintiff's claims against review panel members regarding his application for a relief of disabilities. Dkt. No. 53 at p. 42; Dkt. No. 58 at pp. 8-11. Plaintiff's remaining claim is a Second Amendment claim concerning "the maintenance of his information in the National Instant Criminal Background Check System database." Dkt. No. 58 at p. 2. The March 2022 memorandum, therefore, does not appear to be proportionally relevant to the remaining claim and is not subject to disclosure.

Defendant next seeks to shield from disclosure two draft letters from May 2022. Dkt. No. 32 at p. 2. Defense counsel represents that the final version of the letter was sent to Plaintiff

---

[2] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

in July 2022 and has been provided in discovery. *Id.* Defendant claims the documents are not subject to disclosure under the deliberative process privilege. *Id.*

"A federal common law privilege allows an agency to withhold documents that reflect its decision-making processes." *Spiegel v. Adirondack Park Agency*, 2008 WL 11505978, at *1 (N.D.N.Y. July 15, 2008). "The purpose of the privilege is 'to enhance the quality of agency decisions by protecting open and frank discussion' among government officials." *Bhuiyan v. Wright*, 2007 WL 9773386, at *1 (N.D.N.Y. Dec. 26, 2007) (quoting *Tigue v. United States Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002)).

> To qualify for this privilege, the documents must be (1) predecisional, and (2) deliberative. A document is predecisional when it is prepared in order to assist an agency decisionmaker in arriving at his decision. The privilege protects recommendations, draft documents, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency. A document is deliberative when it is actually related to the process by which policies are formulated. Furthermore, the privilege does not generally extend to material which is purely factual, and factual material once severed from the privileged material in a document is discoverable

*Bath Petroleum Storage, Inc. v. Sovas*, 309 F. Supp. 2d 357, 362 (N.D.N.Y. 2004) (*quoting Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d. Cir.1999)) (internal citations, quotations, and alterations omitted).

Here, the two draft letters, which preceded the final product, demonstrate significant editorial and substantive revisions that render the drafts predecisional. *See*, *e.g.*, *Doe v. Zucker*, 2020 WL 12814135, at *5 (N.D.N.Y. Nov. 19, 2020) (classifying draft document as predecisional). The revisions shown in the drafts also demonstrate a deliberative process at work "insofar as they show the authors' editorial judgment in 'culling the relevant documents, extracting pertinent facts, and organizing them to suit a specific purpose.'" *In re New York City Policing During Summer 2020 Demonstrations*, 656 F. Supp. 3d 486, 494 (S.D.N.Y. 2023)

(quoting *Nat'l Sec. Archive v. C.I.A.*, 752 F.3d 460, 465 (D.C. Cir. 2014)) (internal alterations omitted).  The Court, therefore, finds the documents protected by the privilege.

"[T]he deliberative process privilege is not absolute.  Once the privilege is established, the court must balance the interests supporting and opposing the disclosure." *Mr. & Mrs. B v. Bd. of Educ. of Syosset Cent. Sch. Dist.*, 35 F. Supp. 2d 224, 228 (E.D.N.Y. 1998).  "In determining whether to preclude discovery of information that qualifies for the privilege, the court must balance the public interest in nondisclosure against the need of the particular litigant for access to the information." *In re World Trade Ctr. Disaster Site Litig.*, 2009 WL 4722250, at *5 (S.D.N.Y. Dec. 9, 2009).  As noted above, the draft letters ultimately were finalized in a letter provided to Plaintiff, the drafts themselves do not represent any sort of final agency action and their relevance, and thus the need for them, is low.  The Court, therefore, concludes that disclosure of these documents is precluded by application of the privilege.

**ACCORDINGLY,** for the reasons stated herein, it is hereby

**ORDERED**, that Defendant's objection to disclosure of the five documents discussed above is sustained and production of those documents is not required; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated:   December 8, 2025
         Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge